ELLEN E. BROWN v. UNITED MODERNS.

Decided May 6, 1905.

**1.—Pleading—Replication—Statute Supplying Denial.**

Under article 1193, Revised Statutes, providing that it shall not be necessary for the plaintiff to deny any special matter of defense pleaded by the defendant, but the same shall be regarded as denied if not expressly admitted, a replication by plaintiff to matters pleaded by defendant which does not expressly admit nor expressly deny such matters does not avoid the effect of the statute in supplying a denial thereto; and hence it was error for the court to dismiss plaintiff's petition upon sustaining defendant's demurrer to such replication.

**2.—Benefit Insurance—Suicide—Insanity.**

Where a benefit insurance certificate stipulated that it should be null and void in case of self-destruction by the insured, whether sane or insane, a plea of insanity of the insured at the time of his self-destruction will not avoid the forfeiture.

**3.—Same—"Sane or Insane" Clause—Death as an Accident.**

Where the policy contains a clause against self-destruction, "whether sane or insane," it would be rendered void and the death would not be considered as the result of an accident if the insured was conscious of the physical nature of his act at the time he inflicted upon himself the wounds causing his death.

Appeal from the District Court of Tarrant. Tried below before Hon. Mike E. Smith.

*James C. Scott,* for appellant.—If the defense of suicide should be sustained by defendant in its pleas, and if such act was committed by the assured while he was insane, then he was not responsible for his actions, and any attempt of defendant to hold him responsible, and forfeit the insurance after the assured was dead, is against public policy, and should not be upheld by the courts. No case of this kind has been presented or passed upon that I have been able to find. This will be one of first impression, and I present it with a feeling of assurance that this court will not permit a forfeiture to stand in this case, claimed by one party after the death of the other. 19 Am. & Eng. Ency. Law, 76; 15 id., 933, 934; 23 id., 456, and notes.

Two cases are nearly in point: Mutual Life Ins. Co. v. Walden, 26 S. W. Rep., 1012; Sovereign Camp W. O. W. v. Fraley, 94 Texas, 200. Forfeitures are not favored.    Insurance Co. v. Fitze, 2 Texas Law Jour., 245 (Gammel) ; 2 Bacon on Ben. Soc., sec. 334.

I also maintain this proposition, that a man, while sane, can not make a contract what he shall do or not do in case of his insanity.    What he may do while insane is not a crime subject to punishment, and "when bereft of reason," it can not be ascribed to his own hand.    Manhattan Life Ins. Co. v. Broughton, 109 U. S., 131, 132; Insurance Co. v. Davis, 9 S. W. Rep., 812.

*E. W. Smith* and *J. J. Eckford,* for appellee.—Where a beneficiary certificate in a mutual benefit society is issued to its members, subject to its by-laws, which provide that if a member dies by self-destruction, whether sane or insane, the beneficiary certificate, together with all claims by reason of membership, shall be null and void, the death of the member by self-destruction, whether sane or insane, exempts the association from liability upon the certificate, regardless of the degree of insanity of the assured.    Parish v. Mutual Life Ins. Co., 49 S. W. Rep., 153, 155; Mutual Reserve Fund L. Assn. v. Payne, 32 S. W. Rep., 1066; Spruill v. N. W. Life Ins. Co., 27 S. E. Rep., 39; Scarth v. Security Mut. L. I. Soc., 39 N. W. Rep., 658; Tritschler v. Keystone Mut. B. Assn., 36 Atl. Rep., 734; Sargent v. National Life Ins. Co., 41 Atl. Rep., 351; De Gorza v. Insurance Co., 65 N. Y., 235; Van Zandt v. Ins. Co., 55 N. Y., 167, 14 Am. Rep., 214; Seitzinger v. Modern Woodmen of Amer., 68 N. E. Rep., 478; Billings v. Insurance Co., 24 Atl. Rep., 657; Haynie v. Knight T. M. L. Co., 41 S. W. Rep., 461; Clark v. Equity Life Ins. Assn., 118 Fed. Rep., 374.

SPEER, Associate Justice.—The appellant, as surviving wife of William H. Brown, deceased, filed this suit against appellee, United Moderns, a fraternal insurance order doing business in this State, to recover upon a benefit certificate for $1,000, payable to her upon the death of said William H. Brown.    The appellee answered by general demurrer, general denial, and specially, that it issued a benefit certificate to deceased for $1,000 upon his written application therefor, wherein he agreed to be bound by the constitution and by-laws of the order, one section of which reads as follows: "If any member dies . . . by self-destruction, whether sane or insane, . . . all claims by reason of membership shall be null and void; but the board of managers, in their discretion, if they consider the circumstances surrounding such death warrant it, may, without prejudice, pay any sum in such case not exceeding the full amount."    It further specially alleged that the deceased came to his death through his own act by cutting his neck, from which he died, whereby the benefit certificate became null and void.

To this answer appellant demurred, and answered specially that such by-law is against public policy and void; that the appellee is estopped to avoid its liability because such by-law does not prescribe an unconditional forfeiture, but leaves to the board of managers of appellee, in their discretion, to pay any sum of money they may deem wise, not to exceed the full amount; and that, at the time of his death, "he did not

comprehend what he was doing or wanted to do, and while in that condition, and in a fit of insanity, and wholly incapable of reasoning, and at a time his mental powers and reasoning faculties were gone and impaired, to such a degree that he was unable to understand the consequences of his actions or the moral character thereof, and he was thereto impelled by an insane act, by an irresistible insane impulse which he did not have the power to resist, and in that state of mind, and so acting, the said deceased cut a gash in his neck from which he bled to death on that day, July 9, 1903, while in a fit of insanity, and at a time he was not responsible for his actions;" and also pleaded for a return to her of the sum of $96.25. paid to appellee as monthly assessments out of funds in which she had a community interest. The trial court sustained appellee's special exceptions to appellant's replication, stating, in his judgment, that "it is the opinion of the court that the defense of suicide, whether sane or insane, as raised by the demurrers, is a complete defense to plaintiff's cause of action. Plaintiff declining to amend, this cause of action is dismissed." From this judgment Mrs. Brown has perfected her appeal to this court.

We think the court erred in dismissing appellant's case upon sustaining the demurrers referred to. The original petition, which was in nowise excepted to, presented a good cause of action, and the same should have been heard and determined. Appellee seeks to avoid this conclusion upon the ground that appellant, by excepting and answering specially in her replication to its answer pleading the clause of exemption above quoted, expressly admitted the truth of such answer. But we can not concur with this contention. In Bauman v. Chambers (91 Texas, 108), cited by appellee, Mr. Chief Justice Gaines says: "But the rule of the common law is that a material allegation in a pleading, which is not traversed, is so far admitted that it is not competent for the other party to disprove it. (Bonzi v. Stewart, 4 M. & Gr., 158.) There is nothing in our statute to change this rule except in one particular, to which we shall hereafter advert when we come to answer the third question. . . . But it is provided by article 1193, Revised Statutes, that 'it shall not be necessary for the plaintiff to deny any special matter of defense pleaded by the defendants, but the same shall be regarded as denied unless expressly admitted.' The effect of this statute was to put in issue the allegations in the defendant's answer as to the purposes for which the deed was made, and therefore the burden was upon defendant to establish that allegation." While it is true, in the present case, the appellant did reply to appellee's defensive pleading, and did not expressly deny the allegations of such answer, yet we think it is equally true that she did not expressly admit their truth. At most, it could only be said to be an implied admission, and this we have seen from the very language of the statute will not avoid the effect of the denial which the law supplies.

But, in the ruling of the court in respect to the demurrers, we think there was no error. In the leading case in this country upon the suicide question—that of Mutual Life Insurance Co. v. Terry (15 Wall., 580, 22 L. Ed., 236)—it is said: "We hold the rule on the question before us to be this: If the assured, being in the possession of his ordi-

nary reasoning faculties, from anger, pride, jealousy, or a desire to escape from the ills of life, intentionally takes his own life, the proviso attaches, and there ·can be no recovery. If the death is caused by the voluntary act of the assured, he knowing and intending that his death shall be the result of the act, but when his reasoning faculties are so far impaired that he is not able to understand the moral character, or general nature, consequences and effects of the act he is about to commit, or when he is impelled thereto by an insane impulse which he has not the power to resist, such death is not within the contemplation of the parties, and the assurer is liable." It is upon the reasoning contained in this line of decisions that appellant bases her contention of liability, notwithstanding the nullity clause pleaded. But it must be remembered that in none of these cases does the "sane or insane" clause appear in the contract of insurance. On the contrary, it has been often decided, in construing contracts containing this clause, that the plea of insanity of the deceased, at the time of his self-destruction, would not avoid a forfeiture. (Bigelow v. Berkshire Life Ins. Co., 93 U. S., 284, 23 L. Ed., 918; Parish v. Mutual Life Ins. Co., 19 Texas Civ. App., 457, 49 S. W. Rep., 153; Colligan v. United Moderns, 77 S. W. Rep., 1032; Mutual Reserve Fund L. Assn. v. Payne, 32 S. W. Rep., 1066; Scarth v. Security Mutual Life Ins. Soc., 39 N. W. Rep., 658; Tritschler v. Keystone Mutual Benefit Assn., 36 Atl. Rep., 734; Sargent v. National Life Ins. Co., 41 Atl. Rep., 351; Seitzinger v. Modern Woodmen of America, 68 N. E. Rep., 478; Haynie v. Knights T. & M. L. I. Co., 41 S. W. Rep., 461.)

Under the pleadings, as presented in this case, it is unnecessary for us to discuss the various phases of insanity, or to speculate as to whether a possible state of circumstances might not arise in which the insanity might be of such a degree, or to such an extent, as that the death would be considered as the result of an accident, rather than as an act of self-destruction at all. It will be time enough to decide that question when such a case is presented to us. It is sufficient for the purposes of the present appeal to say that the policy would be void if the insured was conscious of the physical nature of his act at the time he inflicted upon himself the wounds causing his death.

For the error of the court in dismissing appellant's case the judgment is reversed, and the cause remanded for another trial.

*Reversed and remanded.*