## NATIONAL LIFE ASS'N OF DES MOINES, IOWA, v. GORMAN. (No. 2720.)*

(Court of Civil Appeals of Texas. Texarkana. April 4, 1923. Rehearing Denied April 12, 1923.)

1. **Insurance** ⬅️665(6)—**Evidence held sufficient to support judgment for beneficiary of life policy.**

In an action on an insurance policy, defended on the ground that the insured committed suicide, evidence *held* sufficient to support a judgment for the beneficiary.

2. **Appeal and error** ⬅️1003—**Where evidence evenly balanced, party having burden loses, and verdict for defendant must stand.**

In an action on a life insurance policy, defended on the ground that the insured committed suicide, the burden of proof of suicide was assumed by the insurance company, and if circumstances point as strongly to accidental death as suicide, and no more so, a verdict for the beneficiary cannot be disturbed, since, when the weight of evidence is evenly balanced, the party having the burden must lose.

Appeal from District Court, Wood County; J. R. Warren, Judge.

Action by Mrs. Regina Gorman against the National Life Association of Des Moines,

*Writ of error dismissed for want of jurisdiction May 30, 1923.

Iowa. ·From judgment· for plaintiff,· defendant appeals. Affirmed.

O. O. Roe, of Des Moines, Iowa, and R. B. Howell, of Winnsboro, for appellant.

Suiter & Wilkinson, of Winnsboro, for appellee.

HODGES, J. [1] This appeal is from a judgment in favor of· the appellee against the appellant for the full amount of an insurance policy ·together with the statutory penalty and attorney's fees. The suit was based upon a policy issued to Bose Gorman, in which the appellee, his wife, was named as the beneficiary. The amount of the policy was $2,000.

The only defense presented in the court below was suicide. The appellant invoked the following provision of the policy:

"If within two years from the date of issue of this policy the insured shall, whether sane or insane, die by his own hand or act, the liability of the association shall be limited to the amount paid to it by the insured on account of said policy."

It further pleaded that it had received $41.40 as premiums upon the policy, and tendered that amount in satisfaction of the demand of the plaintiff.

The issue of fact was submitted as follows:

·"Was the death of Bose Gorman caused by an injury inflicted by himself intentionally?"

To this the jury answered, "No."

The contention on appeal is that the undisputed evidence adduced upon the trial showed conclusively a case of suicide.. We are not prepared to concur in that conclusion. The material facts are practically without any dispute. They show that the insured was a married man, with a wife and three children living; that his business was in a fairly good condition; that he was much attached to his family, and there was no evidence of any domestic unhappiness. He was a member of the church, and frequently attended services. It does appear that on the· day prior to his death he was in ·an extremely nervous condition. His manner indicated a state of mind which was abnormal. A physician was called, who gave him a sedative designed to induce sleep. The next morning he arose early, went out into the ·yard, milked the cow, and returned. When he came in he had a pistol in his hip pocket. His wife removed the pistol, apparently ·without attracting his attention. He was later induced to lie down on the bed for rest. While his wife and a neighbor were discussing his condition, they heard sounds which indicated that he was going upstairs into· what is called the "attic room." His wife followed as rapidly as she could, and just· before reaching the· top· landing she heard a pistol fire. Investigation disclosed the body lying partly on the ·face, near a trunk ·which had been pulled· from· a· closet. The tray had been lifted and put partly across the trunk, indicating that ·deceased had gone into it for some article. His right hand was covered with blood. On the left hand several fingers were powder burned. The pistol was lying within a few feet of the body, and near the corner of the trunk. The bullet had entered the breast over ·the heart and ranged slightly downward. The deceased was wearing at the time a light colored shirt. The hole through the shirt was clean-cut, and there were evidences of grains of powder around the hole. The shirt also appeared to be slightly scorched around· the hole. There were other circumstances which indicated suicide.

The ·contention of the appellant is that Gorman went to the upper room for the purpose of taking his own life; that he either carried the pistol with him, or took it out of the trunk, and hurriedly shot himself in order to prevent the interference of his wife, whose approach he probably heard.

The theory of the appellee is that Gorman attempted to get the pistol out of the trunk, not for the purpose of killing himself, but in obedience to the delusion that he needed it to protect himself against some other parties who he thought were pursuing him. He had used such expressions as "They are after me," which indicated that he was apprehending injury from some one. It is suggested that in taking the pistol out of the trunk the hammer caught in some way and the pistol was discharged by accident; inflicting the· wound causing death.

It may be said that if the deceased had intended to take his own life he would have placed the muzzle of the pistol in such close proximity to his body as to cause the ignition of the shirt he was wearing. The circumstances are entirely consistent with the inferences suggested ·by the appellee. Deceased was right-handed, and· the powder burn in his left hand indicated that the muzzle of the pistol was held in ·his left hand. The blood upon his right hand may have resulted from placing it over the bleeding wound after the shot had been fired.

[2] In the trial below the appellant assumed the burden of showing death by suicide. Whatever weakness there may be in the· evidence required to establish that fact operates to ·support the finding of the jury. If the facts make a case in which the circumstances point as strongly to an accidental death as to a suicide, and no more so, the verdict cannot be disturbed. When the weight of the evidence is evenly balanced, the party having the burden must lose. Clark v. Hiles, 67 Tex. 141, 2 S. W. 356.

While there are some· circumstances consistent with ·the inference of suicide, they· are not so conclusive as to require a reversal of this judgment; and it will be affirmed.