## NEW YORK LIFE INS. CO. v. PATER.

(Circuit Court of Appeals, Seventh Circuit. March 26, 1927.)

No. 3751.

1. **Insurance ⊙445(1)—"Suicide" and "self-destruction," as used in life policy, held synonymous, meaning intended voluntary taking of one's own life.**

"Suicide," as used in life insurance policy, and "self-destruction," are legally synonymous words; both meaning intended voluntary taking of one's own life.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Self-Destruction; Suicide.]

2. **Appeal and error ⊙1058(1)—Excluding copy of creditor's letter to insured as bearing on defense of self-destruction, held harmless, where witness testified to similar conversation.**

In action on life policy, defended under self-destruction clause, refusal to admit copy of letter sent insured by creditor shortly before death held harmless, if competent, where wit-

ness who produced letter testified to conversation with deceased relating, substantially, contents of letter.

3. **Trial ⊙296(7)—Charge on presumption that death by external violent means, was accidental, rather than suicidal, held not erroneous under remaining charge.**

Charge in action on life policy, defended under self-destruction clause, on presumption that death by external violent means was accidental, rather than suicidal, held not erroneous, in view of surrounding circumstances and remainder of charge in explanation of presumption, and on preponderance of evidence to establish suicide or accident.

4. **Trial ⊙253(5)—Charge in action on life policy, defended under self-destruction clause, held not erroneous in requiring verdict either on theory of accidental death or suicide.**

In action on life policy, defended under self-destruction clause, charge that verdict must be either for double face of policy, required in case of accidental death, or for amount of premiums paid, in accordance with provisions in case of suicide, held not erroneous, as eliminating recovery for natural death.

In Error to the District Court of the United States for the District of Indiana.

Action by Mary Pater against the New York Life Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Defendant in error was beneficiary of two life insurance policies on her husband's life, issued October 2, 1921, by plaintiff in error, one for $3,000 and the other for $2,000, otherwise alike, containing these clauses:

"*Double Indemnity.*—Double the face of this policy upon receipt of due proof that the death of the insured resulted directly and independently of all other causes from bodily injury effected solely through external, violent, and accidental cause, and that such death occurred within 60 days after sustaining such injury."

"*Self-Destruction.*—In event of self-destruction during the first two insurance years, whether the insured be sane or insane, the insurance under this policy shall be a sum equal to the premiums thereon which have been paid to and received by the company and no more."

Insured died September 20, 1923, immediately following a knife stab which penetrated his heart. The complaint alleges he came to his death wholly through external, violent, and accidental cause, from which his death resulted directly and independently of all other causes, and that by the terms of the policies defendant in error was entitled to recover double their face.

The answer makes a general denial, and sets up in defense the self-destruction clause of the policies, alleging the death was caused by self-destruction within two years from date of issuance of policies, and denies right of recovery for sum greater than premiums paid, with interest and costs to date. Verdict and judgment were for defendant in error for double the face of the policies and interest.

Frank E. Gavin, of Indianapolis, Ind., for plaintiff in error.

Frank H. Hatfield, of Evansville, Ind., for defendant in error.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge (after stating the facts as above). For plaintiff in error it is first contended that the evidence affirmatively and conclusively shows that insured came to his death through self-destruction, and that therefore recovery on the policies could not be had except for premiums paid. About the time of the bringing of the suit herein, defendant in error brought suit upon another policy of the same deceased, which provided for payment where death results wholly from accidental means, not including "suicide, sane or insane." In that suit she secured judgment, from which a writ of error was prosecuted to this court, and the judgment was affirmed. Missouri State Life Ins. Co. v. Pater, 15 F.(2d) 737.

[1] "Suicide," as used in that policy, and "self-destruction," as employed in the policies here, are legally synonymous words. Conn. Mut. Life Ins. Co. v. Akens, 150 U. S. 468, 14 S. Ct. 155, 37 L. Ed. 1148. Both mean an intended voluntary taking of one's own life. There, as here, one issue was whether the death resulted wholly from accidental means or from suicide. Upon this issue the evidence in the other case was very similar to to that which the record here discloses; and if we there reached the proper conclusion thereon we must here find likewise. The quite inevitable variation as to some of the details in the two records are manifestly not such as would warrant here a different result. We said there, in substance, that while there was evidence strongly tending toward the conclusion of suicide, there was other evidence which fairly tended to indicate that the fatal blow was unintentionally and accidentally administered, and that the question was for the jury, whose verdict thereon we must accept. Without again reviewing the facts, we reach here the same conclusion upon that issue.

[2] It is complained that the court improperly excluded from the evidence copy of a letter sent by a creditor, a very short time before the death, to the hardware concern which deceased was managing for his wife and wife's mother, demanding payment of a past-due merchandise account. Assuming this to have been competent, the witness who produced it testified to a conversation with deceased, relating substantially the contents of the letter. The undisputed fact being thus before the jury, no harm came from excluding the copy.

[3] It is complained that the court improperly charged that, where the death appears to have been caused solely by external, violent means, it will be presumed it was accidental, rather than suicidal, unless, from a preponderance of the evidence, the jury is satisfied it resulted from intentional self-destruction. While, in general, such charge is unobjectionable (14 R. C. L. p. 1235, et seq.; 5 Joyce on Ins. [2d Ed.] §§ 2865, 3773; Standard Life, etc., v. Thornton [C. C. A.] 100 F. 582, 49 L. R. A. 116; U. S. Fid. & Guar. Co. v. Blum [C. C. A.] 270 F. 946, 957), the contention is that under the particular facts here appearing no presumption arises as to whether the death was accidental or suicidal. While the facts may suggest suicide, no one saw the blow administered, although it may be conceded that under all the facts there is no room for doubt that it was self-inflicted. But such are the surrounding circumstances that we cannot say, as under some exceptional circumstances it has been said, that it was error to charge that if death resulted wholly from outside violent means, it will be presumed to be accidental rather than from suicide.

However, the charge as a whole would scarcely have misguided the jury in this regard. Immediately following the above-mentioned part is the explanatory clause, "that the law is that there is no presumption that one will violently take his own life." The charge further stated that plaintiff alleged accidental death, which must be proved by preponderance of the evidence, and defendant alleged suicide, which likewise required a preponderance of the evidence to establish it; that neither suicide nor accident will be presumed, but that one is presumed to intend the usual consequences of his voluntary acts, and reiterating that, "as stated to you before, the burden is upon the plaintiff to prove it was accidental death." At request of plaintiff in error the court also charged: "Surmise or guess or conjecture may not be relied upon by the jury to take the place of or supply the lack of evidence as to the reason why Ralph Pater, the insured, did not alter the course

of his strike and prevent the knife from entering his body." Under all the circumstances, we cannot condemn that part of the charge complained of.

[4] Complaint is further made that the charge told the jury the verdict must be either for double the face of the policies, or for the amount of the premiums paid. The contingency which it is contended the charge did not cover is that the jury might have found the evidence equally balanced, both on defendant in error's allegation of accident and plaintiff in error's allegation of suicide, in which case it is assumed that, the insured being dead, the recovery would be for the face of the policies, as in case of natural death. The crevice thus left unchinked by the court's charge is so very slight as to be quite negligible. The action was brought solely for double the face of the policies, the defense was self-destruction, and we can perceive no substantial middle ground between accidental death, which requires the double recovery, and suicide, which would limit the recovery to the premiums paid.

No harmful error appearing, the judgment is affirmed.