**AMERICAN EMPLOYERS' INS. CO. v. SINGLETON. (No. 9237.)**

Court of Civil Appeals of Texas. Galveston. Dec. 21, 1928.

Hunt, Moseley & Hunt and C. A. Teagle, all of Houston, for appellant.

J. Dixie Smith and H. G. Butts, both of Houston, for appellee.

LANE, J. ·It is shown that on the 20th day of April, 1927, one G. A. Singleton, deceased, was an employee of the Houston Park Corporation, "a subscriber," as that term is used in our compensation statutes, which held a compensation insurance policy covering the employees of said Park Corporation issued by the American Employers' Insurance Company; that on said date G. A. Singleton, while in the course of said employment, received an injury which resulted in his death; that Singleton was unmarried, and surviving him as his sole heir and beneficiary was his mother, Mrs. Maggie Singleton; that Mrs. Singleton in due time and manner presented her claim for compensation on account of the death of her son to the State Industrial Accident Board; that said board made an award in favor of the claimant, from which award both the claimant and the insurance company in due time and manner gave notice of their dissatisfaction, and in due time Mrs. Singleton filed this suit in the district court of Harris county against the American Employers' Insurance Company, praying that the award made by the State Industrial Accident Board be set aside and held for naught, and that she be permitted to recover from the insurance company 60 per cent. of the average weekly wage of her deceased son, which she alleged to be $35, for a period of 360 weeks, payable in a lump sum. She also alleged that she had employed J. Dixie Smith, an attorney at law, to represent her in the suit, and had agreed to pay him one-third of any sum recovered by her in the same.

Defendant insurance company answered by general denial, and by special plea alleged that the award of the Industrial Accident Board was contrary to the law and the evidence, and prayed that the same be in all things annulled, and that it go hence without day, etc.

The cause was submitted to a jury upon special issues, in answer to which they found that G. A. Singleton did, on the 20th day of April, 1927, receive a personal injury in the course of his employment, which was the proximate cause of his death; that the average weekly wage of G. A. Singleton, just prior to his death, was $35; that manifest hardship and injustice would result to Maggie Singleton if compensation to which she is entitled is not paid her in a lump sum.

Upon the evidence and verdict of the jury the court rendered judgment in favor of Mrs. Singleton against the American Employers' Insurance Company for the sum of $5,360.25, to be paid in a lump sum; that one-third of such sum should be paid to J. Dixie Smith. From such judgment the insurance company has appealed.

Appellant's first contention is that the court erred in permitting the witness J. S. Damon to testify that the leg of G. A. Singleton, deceased, "was paining him very much," because the witness was not a medical expert and because the testimony was but the conclusion of the witness. The contention cannot be sustained. We have carefully read the testimony of Damon, as it appears in the statement of facts, and nowhere does he make the statement attributed to him by appellant. The statement of the witness as disclosed by the statement of facts is, that "he (deceased) complained of pain, he told me his leg was paining him too much to continue work, and he discontinued his work." If, however, the testimony had been as stated by the appellant, its admission would not constitute reversible error, as it could in this case have no material effect upon the jury trying the case.

Again: Admitting that the testimony was but a conclusion of the witness, a nonexpert, the fact so stated so indisputedly appears that such was a fact that the contention of appellant based thereon is not to be seriously considered. Such testimony, however, has been held to be admissible in the following cases: Texas & N. O. R. Co. v. Clippenger, 47 Tex. Civ. App. 510, 106 S. W. 155; International & G. N. R. Co. v. Smith (Tex. Civ. App.) 90 S. W. 926.

By its second proposition appellant insists that there was evidence to show that the deceased, before his injury, was in a diseased condition, and that, as there was no eyewitness to the alleged injury, the evidence was insufficient to justify the submission of the injury and proximate cause to the jury.

We think the contention is without merit. It is shown that, before the deceased went to work for the Park Corporation, he worked on the farm of his mother, Mrs. Maggie Singleton. She testified that he was a strong robust man; that he had not suffered from injury, to her knowledge, before the alleged injury occurred.

The witness Mrs. Mackey testified that she was employed as cashier at the park at the time of the alleged injury to the deceased; that she worked in a booth on the grounds; that the booth was knocked from its foundation by a Ford car; that when that happened she saw the deceased; that in two or three minutes after the booth was struck he came to it and asked if she was hurt, and he then told her that the car had run over him; that it struck his leg; that he was complaining of pain; that she had only known him on the day of the accident; that, from his appearance when she saw him before the accident, she judged him to be very well, a robust man; that after the accident, on the next day, he limped; that from that time until he left the park he limped.

We think there was ample evidence calling for the submission of the issue of injury and proximate cause.

The witness Dr. Shilling testified that he was called to see the deceased on the 31st day of May, 1927; that he had an X-ray picture made of his injured or diseased limb at that time, as deceased began to have temperature, which indicated infection; that later he and another doctor, who was called into consultation, decided that the trouble was an infection of the bone; that the condition might have been due to trauma, which is an injury that bruises the tissues and lowers the vitality along there and that starts the germs growing, which it would not do if the tissue was in normal condition; that deceased gave him the history of receiving an injury at the point indicated; that, assuming he did receive such injury, and considering the facts about which he had testified, he would say the condition which he had found the deceased to be in was the result of the injury.

His testimony, when read as a whole, is to the effect that it was his opinion that the trouble which resulted in the death of the deceased was caused by the injury of which complaint is made in this suit.

The testimony of the several witnesses was amply sufficient to justify the submission of proximate cause.

The trial court submitted to the jury the following inquiry: "What sum of money do you designate as the average weekly wage of G. A. Singleton which you may deem just and fair to both parties, plaintiff and defendant?" In answer to which the jury answered: "$35."

Appellant complains of the submission of such inquiry, insisting that the evidence was insufficient to authorize the jury in finding any sum as weekly compensation, because the undisputed evidence shows that G. A. Singleton had worked for his employer for only about 18 days, and there was no evidence tending to show what the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in similar employment in the same or a neighboring place, shall have earned in such employment during the days when so employed. It being provided by subsections 1 and 2 of section 1 of article 8309 of Revised Civil Statutes of 1925 as follows:

"1. If the injured employé shall have worked in the employment in which he was working at the time of the injury

for the same employer or not, substantially the whole of the year immediately preceding the injury, his average annual wages shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"2. If the injured employé shall not have worked in such employment during substantially the whole of the year, his average annual wages shall consist of three hundred times the average daily wage or salary which an employé of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place, shall have earned in such employment during the days when so employed."

The undisputed evidence does show, as contended by appellant, that G. A. Singleton worked only for about 18 or 20 days for the Park Corporation; and it is not shown by any evidence that he had, prior thereto, earned in any manner a daily or weekly wage, nor was it shown that the average daily wage or salary which an employé of the same class working substantially the whole of such immediate preceding year in the same or similar employment in the same or a neighboring place, shall have earned during the days he was employed.

It will be observed that by subsections 1 and 2 of section 1 of article 8309, two methods are prescribed for arriving at the weekly wage of an injured employé: First, by showing that he had worked in the employment in which he was working at the time he suffered his injury substantially the whole of the year immediately preceding the injury, and by showing his average weekly wage during such employment; and, second, that in the event such proof could not be made, because such employé had not so worked for substantially one year, such weekly wage can be fixed by showing what the average daily wage or salary of an employé of the same class, working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or neighboring place, was during the days when so employed, and that it is provided by subsection 3 of section 1 of said article that in the event the weekly wage of such injured employé cannot be established in either of the ways prescribed in subsections 1 and 2, for the reason of the shortness of the time of the employment of the two classes of persons named in subsections 1 and 2, or that for other good and sufficient reasons it is impracticable to compute the average weekly wage as defined in subsections 1 and 2, such weekly wage shall be computed by the board in any manner which may seem just and fair to both parties.

While it was shown that the weekly wage of the deceased could not be established by the method prescribed by subsection 1 of the statute, it was not shown that such wage could not be established by the method prescribed in subsection 2 thereof. And to our minds it seems from the several sections of the statute that the Legislature provided that the wage could be established under the provisions of subsection 3 only in the event it could not be done under the provisions of either subsection 1 or 2.

If the issue presented by appellant's complaint had not been foreclosed against it by our Supreme Court in the case of Lumbermen's Association v. Warner, 245 S. W. 664, the majority of this court would unhesitatingly sustain its contention. But since, in the opinion of the majority of this court, the Supreme Court, in the opinion last referred to, has given to the statute above mentioned a construction contrary to the construction we would give it, as indicated by what we have said above, and as the Supreme Court is by law clothed with superior authority, we must yield to its construction of the law, though we think such construction unsupported by sound reason.

Being bound by the construction given to the statute by the Supreme Court, as announced in the case referred to, the majority of this court holds that the trial court did not err in submitting the inquiry complained of in the form in which it was submitted.

By other propositions appellant makes contention that there was testimony to the effect that deceased died of pneumonia, and therefore it was error for the trial court to refuse to submit to the jury the following special issues, at the request of appellant:

"No. 2. Did the deceased, Singleton, die of a disease of the lungs called pneumonia?

"No. 3. Was the deceased, Singleton, afflicted with any disease or infection at the time he is alleged to have been injured that proximately caused his death?

"No. 4. Was the deceased, Singleton, prior to and at the time of his alleged injury on April 20, 1927, suffering from any infection or disease that created or caused the formation of pus or septic poisoning in his body?

"No. 5. If you have answered that the deceased, Singleton, on and prior to the 20th day of April, 1927, was afflicted with septic germs in his body then you will answer the following: 'Was such infection the proximate cause of his death?' "

We do not think the court erred in refusing to submit the tendered inquiries to the jury.

The only defenses pleaded by appellant were: First, a general denial; and, second, "that the award made by the State Industrial Board * * * was contrary to the law and the evidence, in that there were no facts shown making this defendant liable to pay compensation to the plaintiff in any amount." It is therefore apparent that appellant did not plead as a defense that the deceased was

afflicted with some disease or infection at the time of his injury which resulted in his death. If, therefore, it should be conceded that there was sufficient evidence to carry such issue to the jury, which concession we are not prepared to make, still appellant was not entitled to have the issue submitted to the jury, as it did not plead the supposed illness of the deceased as a defense.

In M., K. & T. Ry. Co. v. Parker, 20 Tex. Civ. App. 470, 49 S. W. 717, 50 S. W. 606, it was held that, before a party is entitled to a charge grouping the evidence, he must specify and group the facts in his plea.

In Texas & P. R. Co. v. Hagood, 21 Tex. Civ. App. 442, 443, 52 S. W. 574, 575, the defendants specially answered as follows: "And for special answer herein, if necessary, they * * * say that said plaintiff ought not to recover herein, for the reason that at the time of and just before the accident the deceased was himself guilty of negligence which directly and proximately caused and contributed to the said accident." Upon trial, defendants offered evidence tending to show specific acts of negligence on the part of the plaintiff. The court instructed the jury, if they should find that defendant was negligent, and should also find that the deceased, for whose death the suit was brought, was also guilty of negligence which directly or proximately caused or contributed to the accident, the plaintiff could not recover. The defendant requested the court to charge the jury (1) that, if they should find from the evidence that the deceased stood upon the railway track and was there struck and killed, and they should further find that a reasonably prudent person, in the exercise of ordinary care, would not have so stood on the railroad track, the plaintiff could not recover. They also asked other charges relative to other specific acts of the deceased, shown by the evidence but not pleaded. These requested charges were refused, and, on appeal, the defendant complained of such refusal. In deciding the issue, the court said: "It is thus seen that the defense of contributory negligence was submitted to the jury quite as specifically as it was pleaded."

In M., K. & T. Ry. Co. v. Parker, 20 Tex. Civ. App. 470, 50 S. W. 606 (writ of error denied), the court said: "That, in order to entitle the defendant to a special charge grouping the facts constituting the grounds of the defense of contributory negligence, they must have been pleaded." See Fort Worth & Denver Ry. Co. v. Morrow (Tex. Civ. App.) 235 S. W. at page 668, col. 2.

We think that a careful reading of the case of Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, cited by appellant, will disclose that the court rendered the decision did not intend to depart from the holding of the cases above cited.

Having come to the conclusions relative to the material issues involved as shown by what is said above, the majority of this court think that the judgment should be affirmed, and it is therefore accordingly so ordered.

Affirmed.

GRAVES, J. (concurring). While I concur in the judgment of affirmance, I do not desire to be committed to a number of the expressions in the opinion, especially those embodying the construction of article 8309 (Rev. St. 1925); I fully agree with the construction put upon that statute by our Supreme Court in the case of Lumbermen's Association v. Warner, 245 S. W. 664.

## On Motion for Rehearing.

PER CURIAM. Rehearing denied.

PLEASANTS, C. J. (dissenting). I am unable to agree with my associates in the affirmance of the judgment in this case. The affirmance of the judgment is based upon the opinion of the Commission of Appeals in the case of Lumbermen's Association v. Warner, 245 S. W. 664. This opinion was not expressly approved by the Supreme Court, but we may, and probably should, assume that the adoption by the Supreme Court of the judgment recommended by the Commission of Appeals carried with it the approval of the construction given by the Commission of Appeals of article 8309, Revised Statutes 1925.

It seems clear to me that the opinion of the Commission of Appeals in the case cited is unsound if it be construed to hold that, under the article cited, an employee who had worked less than a substantial portion of a year immediately preceding his injury would be entitled to receive compensation for 300 weeks at the average daily wage theretofore received from his employer, without further evidence of his earning capacity. I do not think this is the necessary construction to be placed on that opinion. Other evidence as to the earning capacity of the injured employee is set out in the opinion of the Commission of Appeals, and I am persuaded that it was upon this evidence that the learned judge who wrote that opinion held that the evidence was sufficient to sustain the amount of compensation awarded by the trial court. As I interpret this statute, when the injured employee has only worked in the employment in which he was engaged at the time of his injury for less than a substantial portion of the year immediately preceding the injury, he is not entitled to receive compensation based upon his average daily wage earned during his employment, in the absence of other evidence as to his earning capacity. If the statute be construed in accordance with appellee's contention, the clause which only permits the average daily wage received by the employee in the employment in which he

was engaged at the time of injury to be taken as the basis for his compensation when he has worked in such employment a substantial part of the immediately preceding year, is practically nullified.

Under such construction the statute means that you can take the average daily wage for any time, however short it may have been, that the employee had worked for the subscriber immediately preceding his injury, as a basis for compensation when no other basis is shown by the evidence. This seems to me to be an unreasonable construction of the language of the statute which, in my opinion, in such circumstances, plainly requires additional evidence as to the earning capacity of the employee to authorize a finding by a trial court or jury of the amount of compensation to which the injured employee is entitled.

I think appellant's assignment, which complains of the verdict on the ground that the evidence is insufficient to sustain the finding by the jury of the amount of compensation due appellee should be sustained.

I agree with my associates that the trial court did not err in refusing the special issue requested by appellant. I do not agree, however, that this question is affected by the failure of appellant to specially plead that the death of appellee's husband was caused by disease and was not due or contributed to by the accidental injury sustained in the course of his employment. Such defense being only negative of the claim of appellee that the death of her husband was caused by the accidental injury sustained by him in the course of his employment, it was clearly available under a plea of general denial.

The cause having been submitted on special issues and the court having submitted to the jury the question of whether the death of the deceased was caused by the accidental injury, he was not required to submit the purely negative issue of whether it was not due to disease.

In the recent case of Hoover v. Hamilton. 14 S.W.(2d) 935, the views of this court on this question are more fully stated.

I think the motion for rehearing should be granted, the judgment reversed, and the cause remanded.

GRAVES, J. (concurring). I have concurred in overruling the motion for rehearing, being unchanged in opinion as to the construction that should be given article 8309, Revised Statutes, but I do not accept the view expressed in the original opinion of Judge Lane that appellant was required to specially plead that deceased was afflicted with some disease as a predicate for the special issues it requested; the issues given submitted the same thing in effect, merely in different form, and for that reason the refusal of those so requested was not error.