## PETROLEUM CASUALTY CO. v. BRISTOW.
### (No. 2324.)

Court of Civil Appeals of Texas. El Paso. Oct. 10, 1929.

Rehearing Denied Oct. 24, 1929.

10

R. D. Blaydes, of Fort Stockton, and Knox W. Gilmore, of Houston, for appellant.

White & Yarborough, of Dallas, and Jos. G. Montague, of Fort Stockton, for appellee.

WALTHALL, J. J. T. Bristow, appellee, filed his claim with the Industrial Accident Board claiming to have received an injury in the course of his employment with the Humble Pipe Line Company on July 14, 1928. Appellant, Petroleum Casualty Company, was the insurer under the Workmen's Compensation Act of employment of said Humble Pipe Line Company; the Industrial Accident Board made its award in favor of claimant, J. T. Bristow, on the 17th day of October, 1928, and thereafter, and within the time prescribed by law, the appellant insurance company gave notice of appeal and filed this suit in the district court of Pecos county to set aside said award. Appellee Bristow, in answer to said suit, filed a general demurrer and cross-action, alleging that he received an injury while in the course of his employment with the Humble Pipe Line Company on July 14, 1928, and that said injury resulted in his total permanent incapacity.

Appellee alleged, in substance, that on July 14, 1928, he was working for the Humble Pipe Line Company, and that while so engaged, and while lifting and attempting to lift a heavy piece of timber from the ground to two (saw) horses, his body became twisted and in a strained position, and there was a catch in his back, and his back was strained and sprained, the vertebræ therein dislocated and thrown out of alignment and fractured, and all of the tendons, leaders, ligaments, muscles, muscular attachments, nerves, and blood vessels in and around the lumbar regions of his back were mashed, bruised, strained, jerked, and pulled loose; that his hip was dislocated and sprained, and the ligaments therein were pulled loose, torn, and strained; that his internal organs were strained, mashed, and pulled loose, his kidneys bruised, his urinary organs thereby affected and fail to function normally—all of said injuries resulting in his total permanent disability and incapacity to work, labor, or earn money.

Appellant insurance company filed general and special exceptions and general denial to appellee's said cross-action; the exceptions of appellant were by the court overruled, to which appellant duly excepted.

Appellant, among other things not necessary to here state, further specially denied that said Bristow suffered any injury while engaged in the course of his employment with the Humble Pipe Line Company and that any injury suffered by him or any incapacity sustained by him, including the alleged injury made the basis of his claim for compensation before the Industrial Accident Board, did not occur while he was employed in any capacity

with the Humble Pipe Line Company, and was not the cause of any incapacity for the performance of labor; that such incapacity of which he suffers was and is the result of physical infirmities disclaimed by him and have no relation whatever with his employment or his work with the Humble Pipe Line Company, the assured, and is not such injury, disability, or incapacity as is covered by the Compensation Law.

The case was tried to a jury and submitted upon special issues, and upon the jury's findings the court rendered judgment for appellee, to be paid in a lump sum, and decreed to Bristow's attorneys one-third of the amount stated in the judgment. Appellant filed its amended motion for a new trial which the court overruled, and to which ruling appellant excepted, and has perfected this appeal.

### Opinion.

The parties to this suit agreed and filed such agreement as a part of the record, in effect, that at the time of the alleged injuries to J. R. Bristow on July 14, 1928, he was an employee of the Humble Pipe Line Company; that at said time said company was a subscriber under the Employers' Liability Law (Rev. St. 1925, arts. 8306–8309) and carried a policy of insurance with appellant Petroleum Insurance Company covering the employees of the Humble Pipe Line Company, covering appellee Bristow, against accidental injuries sustained in the course of his employment.

On cross-examination of Mrs. J. T. Bristow, wife of appellee, she testified, in part, that Bristow did some railroad work at Tucumcari, N. M. In that connection, and while working for the railroad company, she testified: "He received an injury to his hip and a slight injury to his face and arm by falling from an engine in the yards. He fell from the top of those coal tenders. He fell off backwards in a sitting position on his right hip. He was disabled by reason of this injury from September until April. He received settlement for that injury in December, 1909, and he did not work any more until April, 1910. He received something around $1,300.00. * * * He had recovered from his previous injury, that he received in September, 1909, to do light work in April, 1910, and he went on with his regular duties after that, in doing heavy work of any kind, without hurting himself. He has not complained of that injury after April, 1910, for a good many years; he has been unusually strong for years."

Appellee Bristow testified: "At the time I was working as a carpenter. * * * I was lifting a piece of timber. * * * I had sawed two of these 2x12x16 and I had picked up a third to lay it on the (saw) horses and I wrenched my back. I was lifting that off the ground to put it on the horses. * * * It wrenched my back. * * * I felt a pain and it caught me just that quick and my back cracked like that (witness snapping fingers). * * * I thought at the time it was merely a catch in my back. * * * I had pains in my back right where my hips and back come together, * * * right here where I couple together. * * * I know I have a wrenched back. * * * I would say that piece of timber weighed about 125 pounds. It was practically green lumber."

Concerning the injury in 1909, appellee testified: "At the time I fell off the train I was hostling for the railroad company. * * * I pulled the rope and fell between the chute and coal tender and sat right down on the ground as I came down on the ground, and as I came down I hit my face, arm, shoulder and hip. It was my left hip that was injured at that time. The joint between my hip and back is the one that has been giving me the trouble. The injury that I had to my hip, face, arm and shoulder I have recovered from those. * * * I received $1,300.00. * * * I could not say how long I was in the hospital. They first sent me to Alamogordo, then to El Paso where Brown Brothers treated me and took X-ray pictures of me."

The witness then testified as to the treatment, where and by whom, in his railroad injury, and for injury he had settled with the railroad company for $1,300.

Dr. W. H. Moore gave the appellee a physical examination during the trial of the case at the request of both parties, and for the express purpose of testifying as to the result of such examination. Dr. Moore testified: "I made an examination of Mr. Bristow to-day. * * * As a result of my examination of the patient, I noted the following: The patient is well-nourished, a normal looking man, physically fit, except for this disability that he complains of in his back. His heart action is good, his pulse good. He complains of pain in the region of the sacroiliac joint, the joint where the hip bone joins the back bone. All the man's symptoms are at present subjective, in other words, there is no physical mark or other means whereby you can determine whether his pain is real, or whether he just says he has pain. From the history he gave me I was of the opinion that he had a slipping of the iliac joint at one time."

After stating the history of the railroad accident as given witness by Bristow, witness testified: "From that history I was of the opinion he had some slipping of that joint at some time and that sounded like the most logical time. * * * I do not believe it would be possible for him to have received the injury I found upon the manipulation of his leg and hip in lifting a piece of lumber 2x12x16, taking into consideration the man he is, in the physical condition he is in, aside from any injury existing prior to that; I do not believe it would be possible for him to have received that injury under those conditions. * * * I say that the injury

which he sustained on July 14th, 1928, unless he had some previous injury to some extent in the same region would probably not have happened as the result of his physical act at that time."

The trial court in the court's general charge had submitted no issue as to what per cent. or amount of Bristow's present disability, if any, was caused by or contributed thereto, if any, by the injury he received in the railroad accident on September 28, 1909. Appellant excepted to the court's charge on that ground, and submitted a special charge submitting that issue which the court refused to give. Appellant submits that its pleading and the evidence raised such issue of a previous injury as causing or contributing to cause any incapacity suffered by Bristow, and that it was error to refuse to submit such issue.

■ The burden of proving that the incapacity suffered by the claimant was the result of an injury received while in the course of his employment with the assured, Humble Pipe Line Company, was upon the appellee, specially made so by section 5, article 8307, of our statutes. Nobles et ux. v. Texas Indemnity Co. (Tex. Com. App.) 12 S.W.(2d) 199. And article 8306, § 12c, provides that the insurer shall not be liable for any previous injury. Appellant had pleaded a general denial, had specially denied that defendant suffered any injury while engaged in the course of his employment with the assured, and that any injury suffered by appellee did not occur while in the employ of the assured; pleaded that claimant's disability or incapacity is the result of a physical infirmity and not the result of any labor or employment performed for the assured. Appellant did not specially plead as defensive matter the accident to Bristow while in the employ of the railroad company as testified to.

■ While the above references to the statute and the authority cited have application more to the burden of proof than to the pleading, it would seem to follow that the claimant having the burden of proving that the disability suffered was the result of an injury received while in the employ of the insured, and that the insurer is not liable for any injury previously sustained, where the admitted evidence shows an injury previously sustained which probably might have caused or contributed to the injury sustained while in the employ of the assured, such issue, we think, should be submitted to the jury under any character of pleading that would admit the evidence of such previous injury. It would be confusing to the jury to have a mass of evidence as to a previous injury and have no issue submitted to which it could have reference as tending to prove or disprove.

In Hayes v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 254 S. W. 501, 502 (a writ refused), a suit under the Compensation Law,

by Mrs. Hayes for the death of her husband, the defense being that she had been divorced from her husband, the Amarillo court said that in order to recover she must establish prima facie that the relation of husband and wife existed at the time of the injury and death of the husband, and further said: "In order to entitle the appellee association to introduce the decree of divorce or any other evidence disproving the fact that she was his wife, it was not necessary for it to specifically allege the fact of the divorce. This proof was admissible under a general denial."

In Gilmore v. Lumbermen's Reciprocal Association (Tex. Com. App. Sec. A) 292 S. W. 204, 207, it is said: "'In the Court of Civil Appeals plaintiff in error raised the question that defendant in error did not plead any facts entitling it to invoke the provisions of article 5246—24. [Workmen's Compensation Law, Vernon's Ann. Civ. Stat. Supp. 1918.] This question was not considered by the Court of Civil Appeals, but we may answer this contention by stating that plaintiff in error, in his petition for relief, stated all the facts above mentioned and discussed, and under these facts and our interpretation of the law he could not have received more than he had already been paid by defendant in error, and it was therefore unnecessary for defendant in error to plead facts that had already been pleaded by plaintiff in error, nor to specially plead that particular provision of the law that would relieve it of liability for compensation for total permanent disability of plaintiff in error.'"

In American Employers' Ins. Co. v. Singleton (Tex. Civ. App.) 14 S.W.(2d) 939, 942, in the opinion written by Judge Lane of the Galveston court, where the appellant had pleaded the general denial, it is said: "It is therefore apparent that appellant did not plead as a defense that the deceased was afflicted with some disease or infection at the time of his injury which resulted in his death. * * * Appellant was not entitled to have the issue submitted to the jury, as it did not plead the supposed illness of the deceased as a defense."

While the court denied a rehearing, we understand from the observations of Judges Pleasants and Graves, of that court, on the motion for rehearing, that they did not concur in the view expressed in the original opinion that appellant was required to specially plead that deceased was afflicted with some disease as a predicate for the special issue requested. The Supreme Court granted a writ of error in that case. Appellee refers us to a large number of cases announcing the general rule that a finding upon an issue not raised by the pleading will be treated as an immaterial one, and will be disregarded in the judgment, etc., but the cases are not compensation cases, and not in point, as we view it, by reason of our statute in compensation cases placing the burden upon the claimant,

and making the insurer liable only for compensation for injuries received while in the employ of the assured.

█ We have concluded that the evidence raised the issue of a previous injury and that under appellant's pleading it should have been submitted to the jury.

██ Appellant submits that it was error to render judgment for a lump sum without submitting the rate of discount or present value to the jury. The statute does not fix the rate of discount. In this case the jury found that a total permanent incapacity resulted from the injury. The question of a lump sum was not submitted to the jury; nor do we find any evidence of the present value of the weekly payments. The rule seems to be well settled that in cases governed entirely by section 15 of article 8306, the present value of weekly payments is to be fixed on evidence. The issue of discount to be applied is a question of fact to be determined in considering the facts. Lumberman's Recip. Ass'n v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402; Id. (Civ. App.) 226 S. W. 154; Texas Employers' Ins. Ass'n v. Herzing (Tex. Com. App.) 17 S.W.(2d) 1046; Maryland Casualty Co. v. Marshall (Tex. Civ. App.) 14 S. W.(2d) 337; Consolidated Underwriters v. Saxon (Tex. Com. App.) 265 S. W. 143; Id. (Civ. App.) 250 S. W. 447; Western Indemnity Co. v. Milam (Tex. Civ. App.) 230 S. W. 825.

We think the court should submit to the jury whether the claimant is entitled to a lump sum settlement, and if, of the evidence heard, the jury finds in favor of the lump sum settlement, then an inquiry submitted as to the rate of discount or present value of the claim.

Other questions are presented, but they may not arise on another trial.

For reasons stated the case is reversed and remanded.