## HOME BENEFIT ASS'N v. BRIGGS.
### No. 1379.

Court of Civil Appeals of Texas. Waco.
June 1, 1933.

Rehearing Denied June 29, 1933.

Oltorf & Oltorf, of Marlin, and Lewis M. Seay, of Groesbeck, for plaintiff in error.

Mr. & Mrs. C. S. Bradley and J. E. & B. L. Bradley, all of Groesbeck, for defendant in error.

GALLAGHER, Chief Justice.

This suit was instituted by Simeon S. Briggs, against Home Benefit Association, a local mutual aid and accident corporation, to recover as beneficiary named in two certificates of membership issued by it to Mrs. Nancy Talley. The parties will be designated as in the trial court. The first of the certificates sued on was issued to Mrs. Talley as a member of class D of said association. Defendant promised therein to pay plaintiff on her death the sum of $1,000. The other of said certificates was issued to Mrs. Talley as a member of class H of said association. Defendant promised therein to pay plaintiff on her death the sum of $1,500, and in event such death resulted from accident, to pay to him an additional sum of $1,500. The sufficiency of plaintiff's petition is not assailed and the pleadings as a whole raised the issues submitted to the jury.

The findings of the jury in response to issues submitted were, in substance, as follows:

(a) Mrs. Talley signed her name to each of the applications on which the certificates sued on were issued, or authorized her name to be signed thereto, and her age was correctly stated in such applications.

(b) Mrs. Talley died from accidental bodily injury effected solely through violent and accidental cause.

The court rendered judgment on the verdict in favor of plaintiff against defendant for the sum of $4,000, with legal interest from the maturity of plaintiff's demands.

## Opinion.

■ Defendant presents assignments of error in which it assails certain rulings of the court on the admission and exclusion of evidence. The statement of facts is in narrative form. Defendant's complaints of such rulings are presented by purported bills of exception, none of which are authenticated by the signature of the trial judge, or otherwise. We are therefore without authority to consider the same.

■ Defendant, in its next assignment of error, complains of the action of the court in refusing to submit at its request the following special issue: "Do you find from the evidence that the plaintiff's wife intentionally shot and killed the said Nancy Talley?"

Plaintiff's wife, Mrs. Docia Briggs, was the only witness who testified to the circumstances which resulted in the death of the insured. She testified, in substance, that on the day of the death of Mrs. Talley, she and Mrs. Talley were both engaged in household tasks; that Mrs. Talley called to her that a hawk had lit in the yard; that she immediately took a shotgun which was in the room in which she was working and went into the yard for the purpose of shooting the hawk; that she went out of the front door and found that the hawk had flown; that she then went around to the rear of the house, thinking it might light again; that she saw Mrs. Talley standing in the doorway of the back porch, which was screened; that she was holding the screen door with her hand; that witness started to return through such door because it was nearer than to go back to the front door; that the floor of the porch was about as high from the ground as the middle of her chest; that as she reached the steps leading up to the floor of the porch, a hog in a pen nearby started to catch a chicken; that she, standing on the ground, handed the gun to Mrs. Talley, standing in the porch door; that Mrs. Talley took hold of the barrel of the gun and witness started to run to the hog pen; that she had taken three or four, or possibly only two, steps, when she heard the gun fire; that she turned and ran back to the porch; that Mrs. Talley had fallen on the floor with her feet toward the door. The witness further testified that she saw blood on the floor but did not at that time notice whether the charge of shot had entered Mrs. Talley's body or not; that she was greatly excited and screamed hysterically until the attention of neighbors was attracted and they arrived on the scene. The position of the gun after the shot is not disclosed by the testimony. The undertaker who prepared the body for burial testified that the charge of shot entered the body of the deceased in the abdomen about two inches below the breastbone; that it ranged upward and back; that

it passed through the heart and practically blew it away.

Conceding, solely for the purpose of discussion, that the testimony recited raised an issue of an unprovoked and intentional shooting of the deceased by Mrs. Briggs, such shooting and death therefrom would, as to the deceased, have been, under the circumstances recited, unforeseen and accidental. National Life & Accident Ins. Co. v. Hodge (Tex. Civ. App.) 244 S. W. 863; 24 Tex. Jur., p. 1036; 1 C. J., p. 431, § 77; Tabor v. Commercial Casualty Ins. Co., 104 W. Va. 162, 139 S. E. 656, 57 A. L. R. 968, and note. The certificate sued on did not contain a provision exempting defendant from liability for the death of the insured as a result of injuries intentionally inflicted by a third party. An affirmative finding in response to such issue would not therefore have constituted in itself a defense to liability for the accidental death of Mrs. Talley.

■■ Defendant also presents a further assignment of error in which it complains of the action of the court in refusing to submit, at its request, the following special issue: "Did said Nancy Talley's death occur from self destruction?"

The certificate sued on provided in express terms that the additional sum promised the beneficiary in event of the death of Mrs. Talley from accident should not be paid if her death occurred from self-destruction. Such exception does not include unintentional or accidental self-destruction. Brown v. United Moderns, 39 Tex. Civ. App. 343, 87 S. W. 357, 358; New York Life Ins. Co. v. Pater (C. C. A.) 17 F.(2d) 963, 964, par. 1; Parker v. New York Life Ins. Co., 188 N. C. 403, 125 S. E. 6, 39 A. L. R. 1085, and note. Plaintiff alleged and the jury found that Mrs. Talley's death resulted solely from accidental injuries. If she shot herself intentionally, her death did not result from accident. An affirmative finding of intentional self-destruction would have been in direct conflict with the finding of accident actually made by the jury. Such a finding, standing alone, would have constituted a complete defense to plaintiff's demand for the additional sum promised in case of the accidental death of the insured. The Commission of Appeals, in American Employers' Ins. Co. v. Singleton, 24 S.W.(2d) 26, 28, par. 3 [(Tex. Civ. App.) 14 S.W.(2d) 939, 944, par. 5] held that where testimony introduced, even under a general denial, tends to disprove affirmative allegations upon which plaintiff relies for recovery and raises a concrete issue of a contrary state of facts, the defendant is entitled to have such issue submitted to the jury. See, also, Petroleum Casualty Co. v. Bristow (Tex. Civ. App.) 21 S. W.(2d) 9, 12, par. 2; Federal Surety Co. v. Jetton (Tex. Civ. App.) 29 S.W.(2d) 534, 541, par. 8; American Employers' Ins. Co. v. Singleton (Tex. Com. App.) 24 S.W.(2d) 26, 28,

par. 3; Id. (Tex. Civ. App.) 14 S.W.(2d) 939, 944, par. 5; St. Louis S. W. R. Co. v. Johnson, 100 Tex. 237, 238 et seq., 97 S. W. 1039; Southern Kansas R. Co. v. Wallace (Tex. Com. App.) 206 S. W. 505, 506, par. 2, and authorities there cited; Colorado & S. R. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908, 909, par. 1, and authorities there cited; Greer v. Thaman (Tex. Com. App.) 55 S.W.(2d) 519, 520, par. 1. The fact that the jury found affirmatively that Mrs. Talley's death did result from accident will not be deemed to have rendered the refusal to submit an issue of intentional self-destruction harmless. Colorado & S. R. Co. v. Rowe (Tex. Com. App.) supra, page 910 of 238 S. W. (bottom second column); National Cash Register Co. v. Rider (Tex. Com. App.) 24 S.W.(2d) 28, 31, par. 5, and authorities there cited; Greer v. Thaman, supra, page 520, par. 3 of 55 S.W.(2d), and authorities there cited.

▪▪▪ Plaintiff, however, insists that the evidence does not raise an issue of intentional self-destruction by the insured. The circumstances which attended the shooting have been fully set out. Where death results from violent, external means and not from disease, the presumption is in favor of the theory of accident and against the theory of suicide. United Fidelity Life Ins. Co. v. Adair (Tex. Com. App.) 29 S.W.(2d) 944, 947, par. 1, and authorities there cited; Mutual Life Ins. Co. v. Ford, 61 Tex. Civ. App. 412, 130 S. W. 769, 777 (writ refused), and authorities there cited; 24 Tex. Jur., p. 1263, § 395. Such presumption, however, is one of law and it disappears when circumstances are adduced showing how the death occurred. Buro v. Home Benefit Ass'n (Tex. Civ. App.) 28 S.W. (2d) 902, 905, par. 10; Jennings v. Sovereign Camp, W. O. W. (Tex. Civ. App.) 296 S. W. 961, 962, par. 6; Wirthlin v. Mutual Life Ins. Co. (C. C. A.) 56 F.(2d) 137, 139, pars. 1 and 2; Frankel v. New York Life Ins. Co. (C. C. A.) 51 F.(2d) 933, 935, pars. 2 and 3; New York Life Ins. Co. v. Weaver (C. C. A.) 8 F.(2d) 680, 682, par. 1. When the circumstances attending a violent death show that the fatal injury might have been intentionally inflicted by the insured for the purpose of destroying himself, but do not show that it was so inflicted with such certainty that reasonable minds cannot differ as to the effect thereof, the courts in this state and elsewhere are almost wholly in accord in considering that the issue of suicide is for the jury. First Texas State Ins. Co. v. Jiminez (Tex. Civ. App.) 163 S. W. 656, 657, par. 3 (writ refused); Mutual Life Ins. Co. v. Ford, 61 Tex. Civ. App. 412, 130 S. W. 769, 777, 778, and authorities there cited; National Life Ass'n v. Gorman (Tex. Civ. App.) 250 S. W. 1064; United Fidelity Life Ins. Co. v. Adair (Tex. Civ. App.) 29 S. W.(2d) 940, 941, 944, par. 6, affirmed (Tex. Com. App.) 29 S.W.(2d) 944; Federal Life Ins. Co. v. Thornton (Tex. Civ. App.) 21 S.W.(2d) 352, 354, pars. 3 and 4; Mutual Life Ins. Co. v. Graves (C. C. A.) 25 F.(2d) 705, par. 3; Wilkinson v. National Life Ass'n, 203 Iowa, 960, 211 N. W. 238; Wirthlin v. Mutual Life Ins. Co., supra; Peterson v. Prudential Ins. Co. of America, 115 Minn. 232, 132 N. W. 277, 278; O'Connor v. Modern Woodmen of America, 110 Minn. 18, 124 N. W. 454, 25 L. R. A. (N. S.) 1244; Dill v. Sovereign Camp, W. O. W., 126 S. C. 303, 120 S. E. 61, 37 A. L. R. 167 et seq., and note; 37 C. J. 650. Suicide, in this state, even where the evidence is wholly circumstantial, may be established by a mere preponderance thereof. Buro v. Home Benefit Ass'n (Tex. Civ. App.) 28 S.W.(2d) 902, 904, par. 6, and authorities there cited. The gun from which the fatal shot was discharged was only an instant before such discharge placed in the hands of the insured. That it might have been discharged intentionally, as distinguished from accidentally, cannot be controverted. How it was in fact discharged can be determined only by deduction or inference from the facts in evidence. Though the facts in evidence be undisputed, the existence or nonexistence of a further fact to be inferred or deduced therefrom must be left to the determination of the jury. Stooksbury v. Swan, 85 Tex. 563, 573, 22 S. W. 963; Supreme Council v. Anderson, 61 Tex. 296, 301; Maryland Casualty Co. v. Williams (Tex. Civ. App.) 47 S.W.(2d) 858, 859, par. 2, and authorities there cited; Wiggins v. Holmes (Tex. Civ. App.) 39 S.W.(2d) 162, 163, pars. 2 and 3.

▪▪▪ Plaintiff's causes of action are severable. The recovery by plaintiff on said certificates of the sum of $2,500 because of the death of the insured, Mrs. Nancy Talley, is affirmed. The judgment in favor of plaintiff for the additional sum of $1,500 recovered on the ground that the death of Mrs. Talley was accidental, is reversed, and as to such issue, and such issue alone, the cause is remanded for another trial.