### C. B. McCASKEY v. R. L. MORRIS ET AL.

#### Decided October 28, 1905.

**1.—Special Issues—Article 1331, Sayles' Civil Statutes, Discussed.**

The case was submitted to the jury upon special issues upon the request of plaintiff's counsel. Defendant made no objection except to "the failure of the court to submit all issues." Article 1331, Sayles' Revised Civil Statutes, provides that the failure to submit any issue upon the trial of a case shall not be ground for reversal of the judgment unless its submission was requested in writing by the party complaining. Defendant requested the submission of but one issue which was given by the court.

**2.—Homestead—Abandonment.**

By order of the Probate Court a surviving wife was entitled to the use of the homestead during such period as she saw proper to occupy it as such. Upon abandonment of the homestead right the owners of the fee were entitled to possession.

**3.—Tenants in Common.**

! The mere fact that tenants in common permit one of their cotenants to enjoy exclusive possession of the premises for a number of years does not deprive them of their right to be let into joint possession wherever they see proper to assert that right.

Appeal from the District Court of Wise. Tried below before Hon. J. W. Patterson.

*T. J. McMurray,* for appellant.—Cited: Sayles' Civ. Stats., art. 1331; Freiberg, Klein & Co. v. Beach Hotel & S. I. Co., 63 Texas, 453; Texas & P. Ry. Co. v. Nicholson, 61 Texas, 498; Dwyer v. Kalteyer, 68 Texas, 554; Cole v. Crawford, 69 Texas, 125; Newbolt v. Lancaster, 83 Texas, 271; Michon v. Ayalla, 84 Texas, 687; Paschal v. Acklin, 27 Texas, 191; Moore v. Moore, 67 Texas, 294; Texas Loan Agency v. Hunter, 35 S. W. Rep., 399; Texas & P. Ry. Co. v. Watson, 36 S. W. Rep., 291; Texas Brewing Co. v. Myer, 38 S. W. Rep., 264; Bon v. Galveston, H. & S. A. Ry. Co., 82 S. W. Rep., 809; Alexander v. Kenedy, 19 Texas, 492; Johnson v. Shoemaker, 72 Texas, 334; Mitchell v. Mitchell, 80 Texas, 101; Kerr v. Paschal, 1 Texas U. C., 709; Whitaker v. Allday, 71 Texas, 625; Wade on Notice, secs. 668-670; Crawford v. McDonald, 88 Texas, 629; Freeman on Co-Tenancy and Partition, secs. 183, 188; Ramirez v. Smith, 94 Texas, 190; Boone v. Knox, 80 Texas, 644; Baylor v. Hopf, 81 Texas, 643.

*R. E. Carswell,* for appellees.—Cited: Rev. Stats., art. 1331; Reed v. Henderson, 57 S. W. Rep., 78.

CONNER, Chief Justice.—Appellees instituted this suit in the District Court of Wise County on the 24th day of August, 1904, in the usual form of trespass to try title, to recover the three hundred and fifty acres of land involved in the controversy. Appellant answered by a plea of not guilty. The trial resulted in a judgment for appellees for all of the land in controversy except that appellant was awarded a possessory interest of an undivided one-half in one hundred and fifty acres on the north end of the survey. It appears beyond dispute that the land was owned by one John Crutchfield at the time of his death in 1886. Appellees are the vendees of his heirs and of the surviving wife. It was, however, the community property of John Crutchfield and a former deceased wife, but in 1887 one hundred and sixty acres off the south end of the survey was set apart to the surviving wife as a homestead. She continued to occupy and use and control the entire survey for a number of years. In July, 1898, the surviving wife leased the entire premises to one J. M. Stout for a term of four years. On the 24th day of August thereafter, appellant, with Mrs. Crutchfield's consent, purchased the Stout lease and at its expiration entered into a

new lease with her for a term beginning on the 2d day of November, 1901, and extending to December 31, 1907. The case was submitted to the jury upon special issues, in answer to which the jury found, in addition to rental values, that the children and grandchildren of John Crutchfield knew that Emma Crutchfield, the surviving wife, was renting and collecting rents from the entire premises and applying them for her own use, and acquiesced therein.

In the first assignment of error, it is urgently insisted that the court erred in not submitting the entire case to the jury. We think the court's explanation to the bill of exceptions effectually disposes of this contention. As explained by the court, it appears that the case was submitted upon special issues at the request therefor by appellees' counsel, and that appellant made no objection to the submission of the case on special issues, "but only to the failure of the court to submit all issues." Article 1331, Sayles Civil Statutes, enacted since the rendition of many of the decisions cited in appellant's behalf, expressly provides that the failure to submit any issue upon the trial of a case shall not be deemed a ground for reversal of the judgment upon appeal or a writ of error, unless its submission has been requested in writing by the party complaining of the judgment. Appellant requested the submission of but a single issue, which was given by the court, and we find nothing in the evidence requiring the submission of a further issue. The facts as to the title are undisputed, and the court would have been fully authorized to instruct the jury accordingly.

Under the remaining assignments it is insisted that appellant was entitled to the whole of the homestead as well as to the whole of the remainder of the survey during the term of his lease, but as presented to us we fail to find error in the judgment in this respect; Emma Crutchfield, upon the death of her husband, was entitled but to an undivided one-third interest for life in the lands owned by John Crutchfield, and under the order of the Probate Court of Wise County, entitled to the use of the homestead during such period as she saw proper to occupy it as such. There is nothing, however, in the evidence to indicate that at the time of the rendition of the judgment, or even at the time of the execution of the lease to appellant, Emma Crutchfield was using or claiming the homestead right. On the contrary, the evidence indicates that she was living at another and a different place, and, so far as the record informs us, had abandoned her homestead. If so, the sole right she could claim was the undivided one-third interest mentioned, and this in effect was awarded to appellant by the terms of the judgment, it being provided that writ of possession should not forthwith issue.

Some contention is made that the vendors of appellees were estopped from disputing the act of Emma Crutchfield in the execution of the leases mentioned. The mere fact, however, that Emma Crutchfield, as 'one of the tenants in common, for a series of years appropriated the rents and profits of the estate for her own use and benefit, would not deprive the other tenants of their right to be let into possession when they saw proper to assert that right. There is no basis in the evidence for appellant's contention that at the time of the execution of his lease, Emma Crutchfield represented that she was acting for the

other heirs as well as for herself, or that appellant was thereby induced to accept the lease. On the contrary, Emma Crutchfield testified without contradiction by appellant that at the time of the execution of his lease, she objected to the terms on the ground that they might want to sell the land, and appellant replied that a lease was always made subject to sale.

As assigned, we find no error, and the judgment is accordingly affirmed.

*Affirmed.*