### HALEY v. HAIL.†

(Court of Civil Appeals of Texas. Feb. 23, 1911. Rehearing Denied March 23, 1911.)

1. DOWER (§ 84*)—ALLOTMENT—VALUATION—EFFECT OF HOMESTEAD RIGHT.

Where the practical effect of a decree was to require a one-third life estate of a widow to be taken from land on which her homestead was located, the homestead rights are not to be taken into account in the valuation of the life interest which the widow is entitled to have set apart to her in the separate estate of her deceased husband, as that right is a possessory one only and forms no part of the distributive share to be allotted in partitioning the estate.

[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 322–324; Dec. Dig. § 84.*]

2. APPEAL AND ERROR (§ 1054*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Error in the admission of evidence in a trial by the court is not ground for reversal, where there is sufficient competent evidence to support the court's findings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4185, 4186; Dec. Dig. § 1054.*]

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Action by M. E. Hail against Dee Haley. From a judgment for plaintiff, defendant appeals. Affirmed.

C. A. Wheeler and Richard B. Semple, for appellant. McGrady & McMahon, for appellee.

HODGES, J. The appellee instituted this suit in the district court of Fannin county, against the appellant, for a partition of certain real and personal property claimed and owned by them in common. Before judgment was rendered an agreement was reached as to the proper distribution of the personalty, and all issues relating to that property were eliminated. The principal questions involved in this appeal relate to the homestead rights claimed by the appellee. In 1881 the appellee was married to W. H. Haley, and the appellant is the only child of that marriage. Haley died in 1884, and the property in controversy consists of lands belonging to his separate estate and that of the community of himself and the appellee. There are seven tracts involved, three of which the evidence shows were the separate property of Haley, and the remaining four belonged to the community. The homestead was located on a tract of 320 acres belonging to the separate property of Haley. In 1891 or 1892 the appellee married F. W. Hail, and they continued to reside on the homestead till about 1900. Several children were born of that marriage. The appellant continued to live with his mother as a member of the family. During the year last mentioned Hail and his family moved to the city of Bonham, and resided there till his death in 1904. Appellant contends that in making this move, and by their continued absence, the appellee and her second husband abandoned the former homestead, and that her rights therein should not have been taken into account in the distribution of the property. The court found as a fact that there had been no abandonment of the homestead, and we think the evidence justifies us in adopting his conclusion upon that and the other issues of fact involved.

Complaint is made of the following portion of the court's decree: "And it is adjudged by the court that said 320 acres of land, Blanton survey, and said 80 acres of land, Gilbert survey, and 40 acres, G. W. King survey, and said block 17, lot 2 in the town of Savoy, be partitioned between the plaintiff and the defendant, setting apart to plaintiff one-third thereof in value during her life only, and to the defendant the other two-thirds of said land. And in making said partition there be set apart to the plaintiff, as her one-third life estate in said three tracts, such portion of the 200-acre homestead above decreed to her as is necessary to make up her one-third life estate, and that defendant be entitled to the immediate possession of all of the lands so set apart to him, or to be set apart to him, except such portion of the said 200-acre homestead as may be set apart to defendant

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court April 19, 1911.

in such partition; and as to that portion of the 200-acre homestead land set apart to defendant he may have his possession whenever the plaintiff no longer elects to use or occupy the same as a homestead as the surviving widow of W. H. Haley, deceased. And it is further decreed by the court that the lands which are set apart to plaintiff for her life only, the possession thereof shall revert to the defendant, at the death of the plaintiff, at which time the rights of the plaintiff therein shall cease."

The assignment of error attacking the decree is as follows: "The court erred in its judgment decreeing that in making the partition of said lands said commissioners should set apart to plaintiff one-half in value of said community lands of W. H. Haley and plaintiff, and that she should recover of defendant and have the exclusive use and possession of said 200-acre homestead tract so long as she may elect to use or occupy the same as a homestead, and that there should be set apart to plaintiff also such portion of said 200 acres as is necessary to make up her one-third life estate in said separate property of said W. H. Haley, deceased."

In the first proposition under that assignment it is claimed that the court should have directed that the homestead be taken into account and set apart to the surviving widow, and, if it exceeds in value her interest in the property to be divided, the remainder should have been awarded to the appellant. The second proposition is as follows: "Where a surviving wife seeks to partition several tracts of land, and she owns a moiety in fee in a portion of said lands, an estate for life in one-third of another portion of said lands, and a life estate determinable on her abandonment of same as a homestead, in 200 acres of said lands, it is the duty of the court decreeing a partition of said lands between her and the other joint owner to direct that said partition shall be made in accordance with the respective shares or interests of the said joint owners, specifying the shares or interests of each party, and that the commissioners, in making said partition, shall so divide said lands that the shares shall be equal in value as nearly as may be in proportion to the respective interests of said parties; provided that in making said partition the commissioners must first set apart to said surviving wife said 200 acres constituting said homestead, and then in dividing the other lands the commissioners must set apart to said other joint owner from the remainder of said lands enough, if there be enough, to make his share equal in value to his interest in all the lands, including the said homestead."

It may be that the writer has not fully understood the precise question sought to be presented in the above proposition; but, if the conclusion of the court with reference to the appellee's homestead rights be correct, we fail to see any error in the judgment complained of. Hudgins v. Sansom, 72 Tex. 229, 10 S. W. 104; Higgins v. Higgins, 129 S. W. 162. The practical effect of the decree was to require the one-third life estate of the appellee to be taken from the land upon which her homestead was located. The homestead rights are not to be taken into account in the valuation of the life interest which the appellee was entitled to have set apart to her in the separate estate of her deceased first husband. That interest is a possessory right only, and forms no part of the distributive share to be allotted in the partition proceeding.

It is contended that the court erred in permitting the appellee, while on the stand testifying in her own behalf, to state what were the intentions of her last husband with reference to returning to their home in the country at the time they moved to Bonham. The case was tried before the court, and there was sufficient evidence, besides that to which objection was made, to sustain the finding of the court upon that issue.

The judgment is affirmed.