HAYS v. MOORE et al.†

(Court of Civil Appeals of Texas. San Antonio. Feb. 7, 1912. On Rehearing, March 13, 1912.)

1. HOMESTEAD (§ 135*)—DESCENT—RIGHTS OF HEIRS.

Rev. St. 1895, art. 2055, providing that where a decedent is insolvent his widow and minor children take absolute title to the homestead, is unconstitutional, and the title vests in the heirs under the statutes of descent and distribution, subject only to the homestead rights of the constituent members of the family of the deceased.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 246–248; Dec. Dig. § 135.*]

2. HOMESTEAD (§ 141*)—RIGHTS OF SURVIVING WIFE.

Where a homestead was reduced to money for partition without objection from the widow or any of the heirs of the deceased owner, the court could not set apart any sum absolutely to the widow in lieu of a homestead, but properly directed that one-half of the proceeds of the sale be paid to a receiver with directions to invest the same and pay the income to the widow for her life.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 261–270; Dec. Dig. § 141.*]

Appeal from District Court, Fayette County; B. G. Neighbors, Special Judge.

Action by J. W. Moore and another against

Mrs. F. M. Hays and others for partition. From a judgment of partition, defendant named appeals. Affirmed.

John T. Duncan, for appellant. Brown & Lane, for appellees.

MOURSUND, J. This is a suit for partition of 43¾ acres of land, which was at one time the community property of F. M. Hays and his first wife, who is dead. F. M. Hays had two children by his first wife, R. B. Hays and Sol Hays. By appellant, who was his second wife, he had two children, Riborne Hays and J. Q. Hays. F. M. Hays died intestate, about October 22, 1907, and the land above mentioned was occupied by him and appellant as their homestead at the time of his death. Plaintiffs Moore and Lane acquired from R. B. Hays and Sol Hays their interest in said land, and brought suit for partition against appellant, Mrs. F. M. Hays, Riborne Hays, J. Q. Hays, and Sol Hays. In such suit all parties prayed for partition of the land in accordance with their respective interests, and judgment was rendered by the court on May 3, 1910, decreeing that plaintiffs, J. W. Moore and C. E. Lane, each owned in fee simple an undivided three-eighths of said land, and the defendants Riborne Hays, and J. Q. Hays each an undivided one-eighth thereof, but that the appellant Mrs. F. M. Hays was entitled to a homestead right in one-half of the entire tract; this half being the half owned by her deceased husband, and being constituted by the portions decreed to Riborne Hays and J. Q. Hays, and a one-eighth interest decreed to each of the plaintiffs J. W. Moore and C. E. Lane. The decree provided that said land should be divided, and named the commissioners appointed for that purpose, who afterwards reported that it was impracticable to divide the same equitably among the parties. The court then appointed a special commissioner to sell the land, who effected a sale for $1,310 cash, and his report was approved by the court.

No objection was made to any of these proceedings, but the appellant, although not objecting to the sale or the approval of the report thereof, prior to such approval filed a motion asking the court to set aside and deliver to her in lieu of a homestead one-half of the proceeds of such sale, alleging that the estate of her deceased husband had no other property for a homestead, that she had no estate of her own, and that the estate of her husband owed her a homestead. This motion was overruled by the court, and judgment was entered allowing the commissioner a fee of $30 for making sale, and directing that said amount and the general costs of the suit be paid out of the proceeds of the sale, that $25 be allowed as a fee for Jas. Ehlinger who represented the minor J. Q. Hays, the same to be deducted from the share of such minor, that one-half of the proceeds, less the charges for fee of commissioner and general costs, be paid to J. W. Moore and C. E. Lane, and the remainder be paid to F. J. Kallus, appointed receiver, who was directed to invest and reinvest the same as often as occasion might require in safe securities at the best rate of interest obtainable, and that he pay over at interest-maturing periods the interests and profits arising therefrom to Mrs. F. M. Hays until the further order of said court, but that he hold safe and secure for the plaintiffs J. W. Moore and C. E. Lane one-half of the principal of such trust fund, and for the defendant Riborne Hays one-fourth thereof, and for the defendant J. Q. Hays the other one-fourth thereof, less the $25 adjudged against him as guardian ad litem fee.

Appellant's only assignment of error questions the correctness of the ruling of the court in refusing to give appellant one-half of the proceeds of the sale in lieu of a homestead.

No authorities are cited by appellant which sustain her contention, nor are any cited by appellees which directly pass upon the question.

[1] Article 2055, Revised Statutes 1895, in so far as it provides that where a decedent is insolvent his widow and minor children take absolute title to the homestead, has been held unconstitutional, and it is the settled law of our courts that the title vests in the heirs, as provided by the statutes of descent and distribution, subject only to the homestead rights of the constituent members of the family of the deceased. The title of the heirs cannot be divested, and, whenever the homestead rights of the family cease, the heirs are entitled to their interests in the homestead. Zwernemann v. Von Rosenberg, 76 Tex. 522, 13 S. W. 485; Dorman v. Grace et al., 57 Tex. Civ. App. 386, 122 S. W. 401; Hoefling v. Thulemeyer, 142 S. W. 102, recently decided by this court.

[2] In this case a homestead, without objection from the widow or any of the heirs, was reduced to money for the purpose of partition. That being done, appellant asked that half of the money be set apart to her absolutely in lieu of a homestead. It was not proposed that she give bond for the forthcoming of the interests of the heirs when her rights should cease, but that the money be delivered to her in a manner which would give no protection to the heirs whatever. This would have been equivalent to divesting the title of the heirs in the fund, and yet the courts have uniformly held that their title in the homestead cannot be divested. The mere change in the character of the property made without objection from any of the parties could not change their legal rights therein. The court protected the right of the widow to the use of that portion of the proceeds derived from her husband's half of the homestead and at the same time

protected the interests of the heirs, so that their portions would be forthcoming when her rights cease.

While it is to be regretted that appellant's income from the proceeds will be less than from the land, yet the character of the property being changed under proceedings authorized by law, and for that matter without objection from appellant, the court, in our opinion, entered a correct judgment.

The judgment is affirmed.

### On Rehearing.

Appellant in her motion for a rehearing earnestly contends that we erred in stating that the homestead without objection from the appellant was reduced to money.

In the first amended original answer of appellant we find the following language: "That these defendants desire the same to be partitioned, if it is possible to do so, but that, if it is not capable of being partitioned, then the proper disposition of same is left to this court." Also the following: "Now these defendants pray that, in the event the 43 acres of land described in plaintiff's petition is incapable of partition, then they ask that the same be sold, and that one-half of the proceeds be set aside by the court to this defendant, Mrs. F. M. Hays." In his findings of fact the court states that the report of the commissioners who reported that they could not divide said land was approved with the concurrence of all the parties, also that the report of the special commissioner appointed to sell the land was approved with the concurrence of all parties. These findings have not been attacked. The only question upon which error was assigned was the distribution of the proceeds, so we feel that the statement made in the opinion in this case, to the effect that the land was sold without objection, is amply sustained by the record.

Since writing the opinion in this case, the Supreme Court in the case of Lucas v. Lucas, 143 S. W. 1153, in which the opinion was delivered February 21, 1912, has passed upon the question of partitioning the proceeds of a homestead which was condemned for street purposes. The court in its opinion uses the following language: "From the ruling of this court as above indicated we are clearly of opinion the proceeds of the condemned homestead were not subject to partition between the widow, Mrs. Lucas, and the heirs of her husband against her election. It is also clear, as we think, that such proceeds were upon the same basis of ownership as the homestead before its conversion into money, and that the widow owned one half and the heirs of her husband the other half, the whole being subject to reinvestment in another homestead in such manner as to indicate by proper recitations, in the judgment of the court conducting the condemnation proceedings, the interest therein of the interested parties subject to the homestead use in the widow during her life or for such period as she may elect to use same as a homestead."

Appellant in the case now being considered did not ask that the money be invested in another homestead, nor ask that it be given her under bond, but insisted that it be set apart to her absolutely in lieu of a homestead. The court was correct in refusing such request, as it would have amounted to a confiscation of the property of the heirs.

Motion overruled.