**NOBLES et ux. v. TEXAS INDEMNITY INS. CO. (No. 1141–5091.)**

Commission of Appeals of Texas, Section A.
Jan. 9, 1929.

G. N. Brubaker, of Llano, and King & York, of Austin, for plaintiffs in error.

Wood & Wood, of Granger, and Wilcox & Graves, of Georgetown, for defendant in error.

NICKELS, J. Plaintiffs in error, as "beneficiaries" under the Workmen's Compensation Law (articles 8306–8309, R. S. 1925) procured an award of "compensation" as for death of a minor son, consequent on injuries received in alleged course of employment in alleged service ("for hire") of Magnolia Petroleum Company (insured). Defendant in error, insurer, gave requisite notice (section 5, art. 8307), and brought suit to vacate the award. Plaintiffs in error recovered as for "compensation." On appeal this judgment was reversed and judgment was rendered for the insurer. (Tex. Civ. App.) 1 S.W.(2d) 451.

■ If young Nobles was "employed" at all, the arrangement was made by or under authority of Buttery. Whether Buttery, in relation to Magnolia Petroleum Company, was an independent contractor, was treated by all parties and the trial judge as being a material consideration. In special issue No. 1, as formed and submitted to the jury, it was inquired whether Buttery was. "an 'independent contractor,'" and in respect to that issue the burden of proof was charged upon the insurer. Our statute (section 5, art. 8307), contrary to usual course in comparable situations, puts the burden of proof "upon the party claiming compensation," even in a suit brought by an insurer to vacate an award of the Industrial Accident Board. The statute of special rights and remedies (Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1085; Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S. W. 195) is thus framed, and its requirement cannot be ignored. Error in placement of the burden of proof was duly raised in the trial court, and assigned for error in the Court of Civil Appeals, and it must be noticed here in support of the latter court's order of reversal. Holland v. Nimitz, 111 Tex. 419, 232 S. W. 298, 239 S. W. 185.

■ We have examined the statement of facts, and as a result we doubt absence of testimony to support the verdict. But decision of that question is unnecessary, for there are indicia of incomplete development of the facts; e. g., an identified copy (or signed duplicate) of the paper evidencing contractual relations as between Buttery and Magnolia Petroleum Company was present at the trial, but it was not put in evidence. There ought to have been a remand of the cause for new trial, instead of rendition of judgment for the insurer. Bolding v. Camp (Tex. Com. App.) 7 S.W.(2d) 867, and cases there cited.

Accordingly, we recommend that the judgment of the Court of Civil Appeals be so reformed as to remand the cause of the district court, and, as thus reformed, that such judgment be affirmed.

CURETON, C. J. The judgment of the Court of Civil Appeals is reformed, so as to remand the cause to the district court, and,

as reformed, is affirmed, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.