150 S. W. 912; White v. State, 90 Tex. Cr. R. 584, 236 S. W. 745; Cruz v. State, 100 Tex. Cr. R. 188, 272 S. W. 486; Tubb v. State, 109 Tex. Cr. R. 458, 5 S.W.(2d) 150; Mangrum v. State, 105 Tex. Cr. R. 644, 290 S. W. 166.

If there could be said to be doubt as to the correctness of the rule, there certainly can be none as to its existence, and we feel impelled to follow same, which makes imperative the reversal of this case, because of the action of the court in refusing to continue same.

Many other errors are assigned, which we deem unnecessary to discuss, either because they are improperly presented, or because they present matters of too trivial a nature to justify discussion.

Judgment reversed, and cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### Gordon WILLIAMS, Appellant, v. STATE. (No. 12784.)

Court of Criminal Appeals of Texas. Nov. 27, 1929.

Jones & Jones, of Mineola, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, the unlawful sale of intoxicating liquor; penalty, two years in the penitentiary.

Both the facts and legal issues of this appeal are identical with those of Williams v. State (Tex. Cr. App. No. 12773) 22 S.W.(2d) 141, this day decided. Appellant was charged with the unlawful sale of intoxicating liquors to one Grover Wilson. This sale was testified to by Wilson, after which appellant introduced three witnesses who claimed to be present and who denied that such sale was made. Thereupon the state placed raiding officers on the stand and made proof of a raid of appellant's premises by them, following the above sale, and the finding of seventeen pints of whisky and a half-gallon jar, as set out in the opinion in Williams v. State (No. 12773), already referred to.

Motion for continuance was made on account of the absence of W. W. Williams, which was identical with that discussed in the opinion last mentioned. For the reasons pointed out in said opinion, the court's action in refusing this continuance was erroneous.

The judgment is reversed, and cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### MARYLAND CASUALTY CO. v. HAM. (No. 2363.)

Court of Civil Appeals of Texas. El Paso. Oct. 10, 1929.

Kemp & Nagle, of El Paso, for appellant.
Thomas B. Ridgell, of Breckenridge, and J. A. Moore, of Big Lake, for appellee.

HIGGINS, J. This is a suit to set aside an award of the industrial accident board in favor of appellee, Ham, an employee of Group No. 1 Oil Corporation; appellant being the insurance carrier.

In addition to the usual allegations in such actions the appellee set up the following:

On March 21, 1928, in the course of his employment, while washing and cleaning a tank

preparatory to painting same, he was injured by burning gasoline accidentally ignited; his left arm and hand and left leg were so severely burned that the use of same for labor has been permanently lost, and he has been totally and permanently incapacitated for labor. He alleged: "He was employed by said Group 1, Oil Corporation, as a laborer during the period of and for several weeks prior to the date of said injuries on March 21, 1928, and worked in such employment and capacity for seven days each week at a wage of Five Dollars per day and that his actual weekly wage was as defined in said act about Eighteen Hundred and Twenty Dollars."

He testified: "I worked 7 days a week at the rate of $5.00 a day. I guess I was hired to work 7 days because I worked 7 days and everybody else did. I worked 7 days a week under contract of hire and I understood I was hired for that purpose—to work 7 days a week."

All issues submitted were found in favor of appellee and judgment rendered in his favor for "the sum of Five Thousand Four Hundred and Twenty One Dollars and Thirty one cents ($5,421.31), the said judgment being the amount due in lump sum after allowing the legal discount on the sum of Seventeen Dollars and thirty-one cents for Four hundred weeks and further after allowing a credit of One Hundred and Fifty Five Dollars and Seventy Nine Cents, which has heretofore been paid by the Maryland Casualty Company to defendant George Ham."

It will be observed the legal rate of discount was allowed in determining the amount of the lump sum due.

In the present case authority, if any, to award a lump sum in settlement is under section 15, of article 8306, Rev. St. 1925. In the recent case of Herzing v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 17 S.W.(2d) 1046, Judge Nickels said: "In cases governed entirely by section 15, 'present value' of 'weekly payments' is to be fixed on evidence; and there is lacking inexorable requirement that the 'legal rate of interest' be applied in measure of 'discount.' Ibid.; Consolidated Underwriters v. Saxon (Tex. Civ. App.) 250 S. W. 447; Id. (Tex. Com. App.) 265 S. W. 143."

See, also, Petroleum Casualty Co. v. Bristow, 21 S.W.(2d) 9, this day decided by this court, opinion by Justice Walthall, in which it is held the present value of weekly payments under section 15 is to be fixed on evidence and the proper rate of discount is a question of fact.

In the present case appellant assigns as error that there is neither evidence of the rate of discount which should be allowed for lump sum settlement, nor any finding of the jury thereon.

Under the authority of the cases cited above this is well taken.

This is the only matter which requires reversal, but we will briefly indicate our views upon the other questions presented in appellant's brief.

Certain propositions question any right of recovery by appellee because the pleading and evidence show a contract of employment to work seven days a week, and the evidence shows appellee was obligated to and systematically worked on Sunday without any evidence of necessity, therefor, wherefore the employment was in violation of article 283, Penal Code 1925.

Appellee was injured on Wednesday. He was therefore not working in violation of the Sunday law at the time he was injured. As we view the matter the contract of employment pleaded was invalid to the extent only that it obligated appellee to work on Sunday. In so far as it related to the other days, it was valid, and, since the evidence shows he was injured while working on Wednesday, we are of the opinion the Sunday law has no present application.

The court's definition of "total incapacity for work" was correct. Employers, etc., v. Williams (Tex. Civ. App.) 293 S. W. 210; Texas, etc., v. Wonderley (Tex. Civ. App.) 16 S.W.(2d) 386; U. S., etc., v. Weir (Tex. Civ. App.) 286 S. W. 565.

Such definition has been approved several times, and we do not regard it as subject to any of the objections urged against it.

The other assignments and propositions present the contention that the pleadings and evidence of appellee are insufficient to raise the issue of total permanent incapacity and insufficient to support the finding in appellee's favor upon that issue.

Appellee pleaded:

"Defendant shows to the court that by reason of said burns while so working for said Group 1 Oil Corporation that the left hand and arm was burned until the hand and fingers were and are still and the use of said hand and fingers is lost and that the total permanent use of said arm and fingers for work and labor is lost and that the left leg was severely and deeply burned until the use of same for labor is total—permanently lost.

"Defendant alleges that as a result of said injuries and accident to his arm and to his leg he is permanently totally incapacitated and disabled:

"That on account of said injuries this plaintiff will never again be able to follow his usual and only avocation and that of common laborer and on account of the nature of said burns to his arm and hand and his leg aforesaid and on account of the effect and result of said burn this plaintiff is permanently totally incapacitated and disabled to follow his avocation and do and perform the only labor and duties he understands and knows or to perform his usual labor and avocation.

"Defendant shows prior to the time of said accident and injuries he was a strong and robust man in good health and was capable of doing and did do and perform hard manual

labor. That since the date of said injuries his physique has been undermined and weakened, that he has suffered continual ill health and pain as a result of said injuries and that as a result of said injuries his earning power is practically nothing and that he is permanently totally incapacitated."

In view of retrial the evidence upon the issue will not be discussed further than to say it supports the allegations quoted.

The case made by the pleadings and evidence falls within the ruling in the following cases: Texas, etc., v. Moreno (Tex. Com. App.) 277 S. W. 84; Security, etc., v. Frederick (Tex. Civ. App.) 295 S. W. 301; Oilmen's, etc., v. Youngblood (Tex. Civ. App.) 297 S. W. 255; Security, etc., v. Roberts (Tex. Civ. App.) 298 S. W. 164; Texas v. Davies (Tex. Civ. App.) 6 S.W.(2d) 792; Southern Surety Co. v. LaCoste (Tex. Civ. App.) 7 S.W. (2d) 197; Norwich, etc., v. Wilson (Tex. Civ. App.) 17 S.W.(2d) 68.

The Seale Case (Tex. Com. App.) 13 S.W. (2d) 364, has no application, for in that case only an injury to a foot was alleged and proven.

The assignments and propositions upon this phase of the case are overruled.

Reversed and remanded.