## TEXAS EMPLOYERS' INS. ASS'N v. STEPHENS et al. (No. 2357.)

Court of Civil Appeals of Texas. El Paso. Oct. 10, 1929.

Rehearing Denied Nov. 14, 1929.

Harry P. Lawther and Shelby S. Cox, both of Dallas, and Hill D. Hudson, of Kermit, for appellant.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellees.

WALTHALL, J. Texas Employers' Insurance Association, appellant, brought this suit in the district court of Winkler county to set aside an award for compensation, under the Workmen's Compensation Law, made by the Industrial Accident Board in favor of C. W. Stephens, appellee.

Appellee, Stephens, filed a cross-action in which he alleged an assignment of an interest in his compensation to his attorneys, naming them, and made parties defendant in the cross-action.

We will omit any further reference to the interest assigned, and refer to Stephens as the appellee.

It is alleged in the cross-action that while Stephens was in the employ of Haynes Bros., the assured, in Winkler county, he sustained personal injuries in the lumbar vertebræ region, minutely specifying such injuries, from which he was totally and permanently incapacitated for labor, and prayed for compensation therefor, in a lump sum.

Appellant answered appellee's cross-action by a general denial.

The case was tried and submitted to a jury upon special issues.

Upon the special issues submitted and found by the jury judgment was rendered in favor of appellee for compensation for 400 weeks at the rate of $20 a week, the first payment being due and payable on March 29, 1928, and providing for payment as follows: $1,090, covering 54 weekly payments to the date of judgment, with interest at the rate of 6 per cent. per annum from the date of their respective maturities until paid, and for the further sum of $5,733.09, the judgment reciting that said

sum, the remainder of said compensation, shall be paid in one lump sum, "first having allowed the discount according to law," with legal rate of interest on said allowed amount from the date of the judgment.

The court overruled appellant's motion for a new trial, appellant excepted, gave notice, and has perfected this appeal.

### Opinion.

Appellee alleged that on March 20, 1928, the night of his alleged injury, he was in the employ of Haynes Bros., drilling contractors, who were subscribers under the Workmen's Compensation Act, and holders of a policy of compensation insurance with appellant, Texas Employers' Insurance Association; that he was working on the night shift as a driller's helper, drilling a well at a wage of $6 per day; that while operating what is called a "dolly wagon," in removing the drill pipe and was moving one double section of drill pipe on the dolly wagon, and had pulled it out some distance on the pipe walk, the pipe slipped down, and tripped the dolly wagon, throwing appellee backwards in a twisted position on the casings on the left; that in falling appellee's feet slipped from under him and he fell with great force against the steel casings and was injured; that in his fall he sustained a dislocation of the first and second lumbar vertebræ and two irregular fractures through the dorsal portion of the fifth lumbar. The petition describes in detail the injuries alleged to have been sustained, and alleges as a result the muscles of the lower part of his back have become rigid, the nerve centers to his spine and back affected; that he has lost control of the movements of his legs, the muscles of his legs have become atrophied; that said injuries and their effects are permanent and he is thereby permanently totally incapacitated to perform labor; that his actual weekly wage, working seven days a week, was $42, and his average weekly wage was $34.61; and that, on account of his total permanent incapacity to labor, he is entitled to compensation for 400 weeks from March 20, 1928, at $20 per week, and interest on all past-due installments at 6 per cent. He alleges that he duly gave the notices required, and the decision and award of the Industrial Accident Board for compensation. Appellee alleges that prior to said accident and said injuries he was always strong nad healthy, able to perform hard physical labor and earn his living at manual labor, and had no other vocation than manual labor; that he is married and has a wife and two minor children, aged five and three respectively, who are now in destitute circumstances; that the compensation if paid by the week would not be sufficient to provide a living and meet the indebtedness incurred since his injury, stating same; and that, unless a compensation in a lump sum is allowed, a manifest hardship and injustice will result.

Appellant answered said cross-action by a general denial.

The parties entered into and filed an agreement to the effect that all notices required by the Workmen's Compensation Law were duly given; that Haynes Bros., the employer, was a subscriber under said law, and carried a policy of insurance which was in full force on the date of the alleged accident; that the Industrial Accident Board made its final decision and award, and that appellant within the time required gave notice of and perfected its appeal; that the amount in dispute exceeds $500; that appellee's wages in the employ of Haynes Bros. is $6 per day, and his wage rate is the correct wage rate for appellee and any person performing like and similar work in Winkler county, and vicinity, for the full year next preceding the 20th of March, 1928, when so employed, and which wage rate shall be the basis upon which the compensation rate, if any, shall be fixed, and the compensation rate, if any, shall be $20 per week.

Appellee testified on the trial. The evidence is lengthy, and we will state only that he testified to the facts substantially as alleged; that is, that he was injured substantially as alleged, and that the result of the injuries sustained were substantially as alleged. He said, in effect, that, as a result of said injuries received on March 20, 1928, his legs are numb; his left leg has no feeling in it; he has pains in his back; is in a nervous condition, suffering practically all the time; has no sensation of heat or cold in his left leg; his legs do not register any feeling by sticking pins in them; his right leg is larger than the left; does not have the same normal usefulness in both legs; has pains in back in walking and bending forward; is hurt in the back; cannot see any improvement in his physical condition since injury; is not able, and has not been since March 20, 1928, to perform manual labor.

On cross-examination was asked: "Were you always previous to this accident healthy and able to do and perform physical work?" Appellee answered at length, substantially as follows: There were a few months he was not. "As to whether this is my second round with back injury, I had a small injury in Oklahoma"; did not lay up weeks with a back injury and go around on crutch and stick; "did not claim my legs were stiff and had no use of them, that my muscles were atrophied, and I could not perform manual labor." "As to whether I was taken to the hospital in Oklahoma and put in a cast like I was put in a cast here, I wore a (plaster) cast a few days, yes, sir. About some twenty odd days." Said the doctor began treating him the 9th day of September, 1926, and treated him about 25 days, left the Oklahoma hospital some time in October; was not in a plaster cast all that time, was in a few days, don't remember how many; went to another

doctor who gave a few treatments. "It is a fact that Dr. Van Wedel treated me until I settled with the insurance company." In stating how he was hurt in Oklahoma, and the extent of it, appellee testified, in substance: He fell against his safety belt; can't say that the belt was right around where he claims this present injury is; it was not; "it come right across here, across my hips, a little higher up. That is not where I am injured now. When the safety belt caught it hurt my back. After I fell I went down softly against that belt. * * * I fell about ten or twelve feet. As to what position my body was in when the safety belt caught me, it was straight up and down. The fall wrenched my back a little, yes, sir. I did not atrophy in my legs. I suffered impairment in the use of the legs only when I was in bed. * * * As to what I was suffering with when I went to Dr. Van Wedel (the last of October) my back bothered me a little. Yes, sir, my back bothered me a little. Legs were not bothering me at all. I did not tell him my legs were bothering me. I just told him my back was bothering me. * * * I did tell him I had a pain in my back in the lower part of my back. * * * I told him my hips were a little sore. As to whether that was true or not, sure it was sore. * * * I lost about five months' time by reason of my injury in Oklahoma."

Stephens said that he had recovered from the Oklahoma injury.

On cross-examination of witness Keller, a helper on the same work with Stephens at Wink on March 20, 1928, he said, in part: "As to whether it is not a fact that shortly after C. W. Stephens came to work with my crew (at Wink, in March, 1928) I heard him say that on account of a previous injury which had laid him up for about 18 months, he hadn't been doing any work in that time, I heard him say that."

The evidence of Doctors Patterson and Van Wedel is in the record. Each had examined and treated Stephens for his Oklahoma injuries which occurred on September 6, 1926. Dr. Patterson treated Stephens, applying a cast, from October 9, 1926, until the latter part of October when he was transferred to Oklahoma City. He testified that he saw Stephens the last time, some time in December, 1926, after he had returned, and at that time he was wearing a cast. Said that at that time Stephens stated his back still pained him. Dr. Wedel first saw Stephens October 28, 1928, and thereafter more or less continuously for some months until January 13, 1928, when he made a thorough examination of him. Stephens' complaint was in his back, below the small of his back, his hips were numb, could get about with aid of cane, but could not walk fast, no bone injury, no ligament tear and change of normal angle, had him in cast for a month, advised him he had no permanent disability, and believe that if

he followed the advice given as to exercise for seven months' time he would be perfectly well and able to do any kind of work he could ever do. On the basis of his report Stephens and the insurance company made a settlement.

Vernon Hayes testified, in substance: On March 20, 1928, was an oil driller for Haynes Brothers at Wink. Stephens "was injured but not while at work on the drilling rig. If he was, he didn't say anything about it. This is the way he got hurt; he was coming in from work. He was riding on the running board of my car and fell off. I was driving a Studebaker roadster, and the rear wheel ran over his arm. It was hauling the crew as a matter of accommodation. * * * I picked him up and wanted to take him to the doctor that morning, but he said no, its all right. He came out to work that night and worked the entire shift. The man's work wasn't satisfactory, and I put another man in his place; and when he found that he did not have a job, he complained that he was hurt at the rig. * * * He never complained to me about any injury to his back." The time stated was the 20th or 21st of March, 1928.

The trial court in submitting the case put upon appellant "the burden of proof to establish the affirmative of special issues," indicating them by numbers, as to whether the injury Stephens received on the 9th day of September, 1926, in Oklahoma, and whether Stephens suffered an injury from a fall, from an automobile on March 20, 1928, as testified to, and whether said injuries, or either, caused in whole or in part the incapacity from labor, complained of, and, if the jury found in the affirmative on said issues, then to find the extent or degree that such former injury caused Stephens' incapacity to labor thereafter.

Appellant submits that it was reversible error to put the burden of proof on appellant as above.

By the provision of section 12, article 8306, of our Statutes (Rev. St. 1925), compensation is determined according to the percentage of incapacity, taking into account, among other things, any previous incapacity, the nature of the physical injury, etc.

Section 12c of the same article provides that, where an employee, who has suffered an injury, shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the liability of the insurer extends only for compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury.

Section 5, of article 8307, provides: "Upon trial de novo and the burden of proof shall be upon the party claiming compensation."

■ Without discussing at length the question presented, we will say only that it is ruled in appellant's favor by the following cases: Nobles et ux. v. Texas Indemnity Ins.

Co., 12 S.W.(2d) 199, by Judge Nickels of the Commission of Appeals, and referring to Mingus, Receiver, v. Wadley, 115 Tex. 551, 285 S. W. 1085, where it is said, in effect, the general rule is that where the cause of action and remedy for its enforcement are derived, not from the common law, but from the statute, the statutory provisions are mandatory, and exclusive, and must be complied with in all respects.

As said in Nobles v. Texas Indemnity Ins. Co., supra: "Our statute (section 5, art. 8307), contrary to usual course in comparable situations, puts the burden of proof 'upon the party claiming compensation.' "

It was undenied, as disclosed by the evidence, that Stephens received a previous injury in Oklahoma in 1926, involving more or less, the same parts of his body as in this suit.

We have concluded that it was reversible error to specially charge the jury, in a compensation case, that the burden of proof was upon the insurer as to whether the previous injury, suffered by the claimant for compensation, caused the incapacity complained of.

Appellee did not allege what was the proper rate of discount, or the present value of a lump sum payment, nor was there any evidence thereon or any issue as to the rate of discount or present value submitted to the jury.

The judgment was for a lump sum. The court allowed and deducted therefrom 6 per cent., and entered judgment for the remainder as the present value of the claim. Appellant submits that it was error to render judgment based thereon, and refers us to Herzing v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 17 S.W.(2d) 1046; Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 115, 246 S. W. 72, 28 A. L. R. 1402; Maryland Casualty Co. v. Marshall (Tex. Civ. App.) 14 S.W. (2d) 337, as sustaining its contention. This court had occasion in the recent cases, Petroleum Casualty Co. v. Bristow, 21 S.W.(2d) 9, and Maryland Casualty Co. v. Ham, 22 S.W. (2d) 142, to review the identical question here presented. We think the point is well taken.

For reasons stated the case is reversed and remanded.